■ SAYWARD MAZUR, Respondent, v MAX E. GREENBERG, CANTOR & REISS, Appellant.

In 1968, four years after being admitted to the Bar, plaintiff joined the defendant firm as an associate. In 1973, plaintiff and four others requested to be made partners. Five attorneys, who were originally partners pursuant to a written agreement, allowed them to share in the firm's annual profits, but did not give them an interest in the firm's capital account. Nor were these individuals responsible for the firm's rent or losses. They also did not sign the 1967 partnership agreement, which had been signed by the original five partners, and had no other written agreement. The firm did allow them to call themselves partners and they were so listed in Martindale-Hubbell and on the firm's letterhead. They were listed as partners on the firm's tax return and they also received net profits from the firm, but at a fixed rate.

The plaintiff withdrew from the firm in 1979 and brought this action requesting an accounting from the defendant. He also sought a declaratory judgment that the partnership was to dissolve upon his withdrawal. "Whether partnership status is enjoyed turns on various factors, including sharing in profits and losses, exercising joint control over the business, and making capital investment and possessing an ownership interest in the partnership." (*M.I.F. Sec. Co. v Stamm & Co.*, 94 AD2d 211, 214, *affd* 60 NY2d 936.)

Here, these customary indicia were not all present. The plaintiff only shared in the profits, and that only at a fixed 5% of the net rate, and he was not responsible for any losses. There were no actual losses but had there been any, plaintiff would not have been responsible. Plaintiff did exercise some control in the firm, but he had no capital investment, nor did he possess any ownership interest in the firm. He knew of the firm's written partnership agreement, although possibly not its terms.

The arrangement seems to be a precursor to today's law firm practice of two-tiered partnerships. (*See, e.g.,* Natl L J, Oct. 22, 1984, p 1.) Plaintiff was compensated by a fixed percentage of net income and had no other financial involvement. It is especially worth noting that when the 1967 partnership agreement, executed only by the original five partners, was amended in 1976, only the surviving original partners signed it.

In light of the totality of these circumstances, we find that there was no partnership involving the plaintiff. Therefore, the partnership did not dissolve upon plaintiff's withdrawal. Concur — Kupferman, J. P., Asch, Fein and Lynch, JJ.