■ CAROLYN AUGERI, Respondent, v HAROLD MASSOFF et al., Defendants, and ST. JOHN'S EPISCOPAL HOSPITAL, Appellant. (And a Third-Party Action.)—In an action to recover damages for medical malpractice, the defendant St. John's Episcopal Hospital appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated May 21, 1986, as denied its motion for summary judgment dismissing the complaint insofar as asserted against itself.

Ordered that the order is affirmed insofar as appealed from, with costs.

To obtain summary judgment the movant must submit sufficient evidentiary proof to establish its defense as a matter of law *(see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49

NY2d 557, 562). The evidentiary material submitted by the defendant hospital is insufficient to establish as a matter of law that it may not be held vicariously liable for any negligence of the attending orthopedic surgeon called in to treat the plaintiff. A hospital may under appropriate circumstances be held vicariously liable for a physician's malpractice when the patient sought medical care from the hospital rather than from a particular physician; this is so even where the allegedly negligent physician was an independent contractor rather than an employee of the hospital (see, Hill v St. Clare's Hosp., 67 NY2d 72, 80-81; Mduba v Benedictine Hosp., 52 AD2d 450, 453). All the attendant circumstances are relevant to determine whether the patient could properly have believed that the physician was provided by the hospital or otherwise acting on the hospital's behalf (see, Nobel v Ambrosio, 120 AD2d 715, 716; Felice v St. Agnes Hosp., 65 AD2d 388, 396). Thus, testimony taken at a deposition declaring that treating orthopedic surgeons were not paid by the hospital is not dispositive on the issue of the hospital's vicarious liability. Moreover, the deposition testimony by the defendant orthopedic surgeon, to the effect that he was referred to the case by one Dr. Werner, by no means establishes that the patient had independently retained him.

Upon the submitted evidence, a grant of summary judgment dismissing the complaint as against the defendant hospital would have been premature. Niehoff, J. P., Eiber, Kunzeman and Harwood, JJ., concur.