■ ROBERT P. LYNN, JR., et al., Appellants, v ROBERT W. CORCORAN, Respondent. [631 NYS2d 754] —In an action to recover damages for the defendant's interference with the plaintiffs' law practice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Lockman, J.), dated February 17, 1994, which denied their motion for summary judgment dismissing the defendant's counterclaims to direct an accounting and to appoint an appraiser.

Ordered that the order is affirmed, with costs.

The defendant, Robert W. Corcoran, claims that he, together with the plaintiffs Robert P. Lynn, Jr., and Peter K. Ledwith, was a member of the law firm of Lynn, Ledwith and Corcoran. His claim in this respect is supported by proof that he signed

an agreement to indemnify his two former partners for all liability they might have in connection with the lease of his office and by evidence that he was referred to as a partner in the financial statements prepared by the law firm's accountants. The plaintiff Robert P. Lynn, Jr., acknowledged that "an accounting was already tendered" to Mr. Corcoran, although he denied that Mr. Corcoran was an "equity partner". The financial statements referred to above reflect that Mr. Corcoran made a "capital contribution" of $2,000 in December 1989, although the plaintiffs claim that such a contribution was never made.

Under the circumstances outlined above, and under all the other circumstances revealed in the record, we agree with the Supreme Court that summary judgment is not warranted. A dispute between two or more persons as to the existence of an oral partnership agreement generally presents issues of fact concerning, for example, the ownership of partnership assets, the sharing of partnership profits, the exercise of management and control over the partnership (see generally, Olson v Smithtown Med. Specialists, 197 AD2d 564, 565; Brodsky v Stadlen, 138 AD2d 662; Ramirez v Goldberg, 82 AD2d 850; 15 NY Jur 2d, Business Relationships, §§ 1309-1320; cf., Mazur v Greenberg, Cantor & Reiss, 110 AD2d 605, affd 66 NY2d 927 [written partnership agreement not signed by plaintiff claiming to have been partner]). In the present case, the plaintiffs have not demonstrated their entitlement to judgment as a matter of law because they have failed to produce evidence which conclusively negates the allegations asserted in the defendant's counterclaims relating to the existence of an oral partnership agreement.

We have examined the plaintiffs' remaining contention and find it to be without merit. Bracken, J. P., Pizzuto, Krausman and Florio, JJ., concur.