■ Francis Bertini et al., Appellants, v Columbia Presbyterian Medical Center et al., Respondents, et al., Defendant. [719 NYS2d 128] —In a action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Winick, J.), dated October 7, 1999, which granted the motion of the defendant Joseph Tenenbaum for summary judgment dismissing the complaint insofar as asserted against him and granted the separate motion of the defendants Columbia Presbyterian Medical Center,

Michael F. Fetell, and Jonathan Lustgarten, s/h/a "John" Lusgarden, for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court entered January 6, 2000, which, *inter alia*, dismissed the complaint insofar as asserted against Columbia Presbyterian Medical Center, Michael R. Fetell, Joseph Tenenbaum, and Jonathan Lustgarten.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

In this action to recover damages for medical malpractice, the defendants Joseph Tenenbaum, Jonathan Lustgarten, s/h/a "John" Lusgarden, and Michael R. Fetell made a prima facie showing of their entitlement to judgment as a matter of law. The burden then shifted to the plaintiffs to lay bare their proof and demonstrate the existence of a triable issue of fact (*see, Kaplan v Hamilton Med. Assocs.,* 262 AD2d 609). That required a showing that those defendants departed from accepted medical practice, as well as a nexus between the alleged malpractice and the injury to the plaintiff Francis Bertini (*see, Holbrook v United Hosp. Med. Ctr.,* 248 AD2d 358). As the plaintiffs failed to make such a showing, the court properly granted summary judgment dismissing the complaint insofar as asserted against those defendants.

When a professional person employed by a hospital commits an act of malpractice, the hospital may be liable derivatively under the doctrine of respondeat superior (*see, Fiorentino v Wenger,* 19 NY2d 407, 414). However, since there was no showing that Tenenbaum or Lustgarten departed from accepted medical practice, the defendant Columbia Presbyterian Medical Center could not be held derivatively liable. Accordingly, the Supreme Court correctly granted it summary judgment. As to Tenenbaum, the affiliation of a doctor with a hospital or other medical facility, not amounting to employment, is insufficient to impute a doctor's negligent conduct to the hospital or facility (*see, Hill v St. Clare's Hosp.,* 67 NY2d 72). Since Tenenbaum maintained only an affiliation with Columbia Presbyterian Medical Center, the hospital could not, for that reason as

well, be derivatively liable. Bracken, Acting P. J., O'Brien, Florio and Schmidt, JJ., concur.