JOHN CONTU et al., Respondents, v PETER S. ALBERT et al., Defendants, and STATEN ISLAND UNIVERSITY HOSPITAL, Appellant. [795 NYS2d 740]—

In an action to recover damages for personal injuries, etc., the defendant Staten Island University Hospital appeals from an order of the Supreme Court, Richmond County (Ponterio, J.), dated October 28, 2003, which granted the motion of the plaintiffs for leave to reargue, and upon reargument, in effect, vacated a prior order of the same court dated July 9, 2003, granting its motion for summary judgment dismissing the complaint, and denied its motion for summary judgment.

Ordered that the order is modified, on the law, by adding a provision thereto stating that the denial of the defendant's motion for summary judgment is with leave to renew upon completion of discovery; as so modified, the order is affirmed, without costs of disbursements.

This action arises from several operations performed by the defendants Dr. Peter S. Albert and Dr. Adley Raboy at the defendant Staten Island University Hospital (hereinafter the Hospital) to treat the plaintiff John Contu (hereinafter the plaintiff) for prostate cancer. The plaintiffs allege that the operations were performed without his informed consent. The plaintiffs further contend that the Hospital is vicariously liable for the doctors' negligence because it held the doctors out as its employees through an advertising campaign.

The Supreme Court initially granted the Hospital's motion for summary judgment dismissing the complaint. The plaintiffs thereafter moved for leave to reargue. In the order appealed from, the court granted the plaintiff's motion and, upon reargument, denied the Hospital's motion for summary judgment.

The court properly granted the plaintiffs' motion for leave to reargue (*see McGill v Goldman*, 261 AD2d 593 [1999]), and, upon reargument, denied the Hospital's motion for summary judgment dismissing the complaint. The law is well-settled that apparent agency may be found when a hospital "represents that another is his servant or other agent and thereby causes a third person justifiably to rely upon the care or skill of such apparent agent" (*Hill v St. Clare's Hosp.*, 67 NY2d 72, 81 n 5 [1986] [internal quotation marks omitted]). In the context of evaluating whether a doctor is the apparent agent of a hospital, a court should consider all "attendant circumstances . . . to determine whether the patient could properly have believed that the physician was provided by the hospital" (*Augeri v Massoff*, 134 AD2d 308, 309 [1987]).

In support of their claim that the Hospital held Dr. Albert and Dr. Raboy out as its employees, the plaintiffs submitted an advertising brochure which stated that "[a]ll potential candidates receive a personal consultation with Dr. Peter Albert or Dr. Adley Raboy," referred to Dr. Albert and Dr. Raboy as part of the "team of specialists" that comprised the Hospital's prostate unit, and stated that Dr. Albert was the Hospital's Director of Urology and Dr. Raboy was an Associate Director of Urology. Based on this evidence, the Supreme Court correctly denied the Hospital's motion for summary judgment at this juncture (*see Santiago v Archer*, 136 AD2d 690 [1988]). However, the Hospital should have been granted leave to renew its motion for summary judgment upon the completion of discovery. Florio, J.P., S. Miller, Luciano and Mastro, JJ., concur.