■ James J. D'Esposito, Appellant, v Gusrae, Kaplan & Bruno PLLC, et al., Respondents, et al., Defendant. [844 NYS2d 214]—

Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered January 24, 2007, dismissing the amended complaint, and order, same court and Justice, entered March 6, 2007, which granted defendants' motion to increase plaintiff's undertaking on the continuing counterclaims, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered January 24, 2007, which granted defendants' motions for summary judgment dismissing the complaint, unanimously dismissed, without costs, as superseded by the appeal from the judgment.

Following plaintiff's termination from defendant law firm, a professional limited liability company, he commenced this action asserting claims for a determination of his interest in the firm, an accounting, and claims for breach of contract, promissory estoppel, specific performance, and fraud. At the conclusion of discovery, the motion court granted defendants' respective motions for summary dismissal of the amended complaint.

Plaintiff contends, at the outset, that the court incorrectly found he was not an equity member of the firm. However, the motion court properly relied on *Mazur v Greenberg, Cantor & Reiss* (110 AD2d 605 [1985], *affd* 66 NY2d 927 [1985]) in concluding that plaintiff's own deposition testimony established he was never a true equity member of the firm (*see also Baker v Kohler*, 28 AD3d 375 [2006], *lv denied* 7 NY3d 885 [2006]). Indeed, notwithstanding that plaintiff was called a partner and listed as such in Martindale-Hubbell, on the firm's letterhead and tax return, and he received distributions of net profits from the firm at a fixed rate, he was not responsible for the firm's rent or losses, was not a signatory of the partnership and/or operating agreement, made no capital investment and had no ownership interest in the firm. Plaintiff has not only conceded all of the foregoing facts, but unlike the plaintiff in *Mazur*, who

"did exercise some control in the firm" (110 AD2d at 606), plaintiff here had no control at all. Consequently, while the court correctly recognized that defendants' summary judgment motions did not rely upon the terms of the firm's operating agreement, such agreement was evidence of the fact that plaintiff never became an equity member.

The causes of action for promissory estoppel, specific performance and breach of contract, all based on the purported promise by defendants to make plaintiff a full partner/member of the firm, were also properly dismissed as barred by the statute of frauds. In the absence of any writing "subscribed by the party to be charged therewith," the documents offered by plaintiff were insufficient to overcome the mandate of General Obligations Law § 5-701 (a) (1) (*see Nemelka v Questor Mgt. Co., LLC*, 40 AD3d 505 [2007]). Moreover, irrespective of whether plaintiff might have become a partner within one year, he claimed that his right to a membership/partnership was to have continued indefinitely and even after he left the firm. The oral agreement he relied on thus called for "performance of indefinite duration and was terminable within a year of its inception only by its breach and was thus barred by the statute of frauds" (*Sabharwal v Eminax, LLC*, 305 AD2d 336, 337 [2003]).

The cause of action for fraud fails for lack of any justifiable reliance on defendants' purported misrepresentation.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Lippman, P.J., Andrias, Williams and Malone, JJ. [*See* 2006 NY Slip Op 30003(U).]