■ Regina Keitel, as Executor of Jerry Keitel, Deceased, Appellant-Respondent, v Neil Kurtz et al., Defendants, Elliot Dreznick, Respondent-Appellant, and Steven Litman et al., Respondents. [866 NYS2d 195]—

388

In an action to recover damages for medical malpractice, etc., the plaintiff appeals, (1), as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, Jr., J.), dated December 10, 2004, as granted the respective motions of the defendants Steven Litman and Long Island Anesthesia Physicians, LLP, the defendants Mark Tan, Rheumatology Associates of Long Island, Ronald S. Bennett, and Max I. Hamburger, and the defendants Charles Sitrin and Radiological Health Services, P.C., doing business as the New York Imaging Center, for summary judgment dismissing the complaint insofar as asserted against them, granted the motion of the defendant St. Charles Hospital for summary judgment to the extent of determining that it is not vicariously liable for alleged departures in the standard of care by the attending physicians of the plaintiff's decedent, and granted that branch of the motion of the defendant Elliot Dreznick which was for summary judgment dismissing so much of the complaint as alleged departures from accepted medical practice other than those concerning the prescription of Prednisone from 1993 to 1994 by him, and (2) a judgment of the Supreme Court, Suffolk County, entered January 13, 2005, which, upon an order of the same court dated December 10, 2004, granting the motion of the defendant James Kelly for summary judgment dismissing the complaint insofar as asserted against him, dismissed the complaint insofar as asserted against that defendant and severed the action insofar as against that defendant, and the defendant Elliot Dreznick cross-appeals, as limited by his brief, from so much of the order dated December 10, 2004, as denied that branch of his motion which was for summary judgment dismissing so much of the complaint as alleged departures from accepted medical practice concerning the prescription of Prednisone from 1993 to 1994 by him. Justice Mastro has been

substituted for former Justice Crane, and Justice Santucci has been substituted for former Justice Schmidt (see 22 NYCRR 670.1 [c]).

Ordered that the order is modified, on the law, (a) by deleting the provision thereof granting that branch of the motion of the defendants Charles Sitrin and Radiological Health Services, P.C., which was for summary judgment dismissing the complaint insofar as asserted against Radiological Health Services, P.C., and substituting therefor a provision denying that branch of the motion, (b) by deleting the provision thereof granting that branch of the motion of the defendants Steven Litman and Long Island Anesthesia Physicians, LLP, which was for summary judgment dismissing the complaint insofar as asserted against them and substituting therefor a provision denying that branch of the motion, (c) by deleting the provision thereof granting that branch of the motion of the defendants Rheumatology Associates of Long Island, Mark Tan, Ronald S. Bennett, and Max I. Hamburger which was for summary judgment dismissing the complaint insofar as asserted against Rheumatology Associates of Long Island, and substituting therefor a provision denying that branch of the motion, (d) by deleting the provision thereof granting that branch of the motion of the defendant St. Charles Hospital and Rehabilitation Center which was for summary judgment dismissing the complaint insofar as asserted against it on a theory of vicarious liability for the acts of the defendant Steven Sirota and substituting therefor a provision denying that branch of the motion, and (e) by deleting the provision thereof denying that branch of the motion of the defendant Elliot Dreznick which was for summary judgment dismissing so much of the complaint as alleged departures from accepted medical practice concerning the prescription of Prednisone from 1993 to 1994 by him and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the appeal from the judgment is dismissed as withdrawn pursuant to letter dated December 4, 2006, without costs or disbursements; and it is further,

Ordered that one bill of costs is awarded to the defendant Charles Sitrin payable by the plaintiff, one bill of costs is awarded to the defendants Mark Tan, Ronald S. Bennett, and Max I. Hamburger payable by the plaintiff, one bill of costs is awarded to the defendant Elliot Dreznick payable by the plaintiff, one bill of costs is awarded to the plaintiff payable by the defendant Radiological Health Associates, one bill of costs is

awarded to the plaintiff payable by the defendant Steven Litman and Long Island Anesthesia Physicians, LLP, one bill of costs is awarded to the plaintiff payable by Rheumatology Associates of Long Island, and one bill of costs is awarded to the plaintiff payable by St. Charles Hospital and Rehabilitation Center.

The plaintiff alleges, inter alia, that the attending physicians of the plaintiff's decedent caused his injuries during a hospital admission for a second dislocation of his right hip prosthesis by, inter alia, failing to diagnose an infection, and failing to taper his prescription of Prednisone, following the revision of his right hip prosthesis after a bilateral hip replacement. The plaintiff asserts that the defendant St. Charles Hospital and Rehabilitation Center (hereinafter the hospital) is vicariously liable for the alleged malpractice of, among others, the defendant Stephen Sirota.

Generally, a hospital is not vicariously liable for the malpractice of a private attending physician who is not its employee (*see Mondello v New York Blood Ctr.—Greater N.Y. Blood Program,* 80 NY2d 219, 228 [1992]; *Fiorentino v Wenger,* 19 NY2d 407 [1967]; *Cerny v Williams,* 32 AD3d 881, 882; *Christopherson v Queens-Long Is. Med. Group, P.C.,* 17 AD3d 393, 394 [2005]; *Woodard v LaGuardia Hosp.,* 282 AD2d 529 [2001]). Affiliation of a doctor with a hospital or other medical facility, not amounting to employment, is insufficient to impute the doctor's negligent conduct to the hospital or the medical facility (*see Hill v St. Clare's Hosp.,* 67 NY2d 72 [1986]; *Bertini v Columbia Presbyt. Med. Ctr.,* 279 AD2d 492 [2001]). However, "a hospital [is] responsible to a patient who sought medical care at the hospital . . . rather than from any particular physician although the physician whose malpractice caused injury to the patient was not an employee of the hospital" (*Hill v St. Clare's Hosp.,* 67 NY2d at 80-81; *see Christopherson v Queens-Long Is. Med. Group, P.C.,* 17 AD3d at 394).

Sirota, although a private physician not employed by the hospital, was assigned by the hospital as the attending physician of the plaintiff's decedent while he recuperated in the hospital's rehabilitation division. Thus, considering "all 'attendant circumstances . . . to determine whether the patient could properly have believed that the physician was provided by the hospital' " (*Contu v Albert,* 18 AD3d 692, 693 [2005], quoting *Augeri v Massoff,* 134 AD2d 308, 309 [1987]), the hospital failed to satisfy its prima facie burden of demonstrating its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-325 [1986]) with respect to the issue of

vicarious liability on the ground of apparent or ostensible agency with respect to the acts of Sirota (*see Hill v St. Clare's Hosp.*, 67 NY2d at 80-81; *Abraham v Dulit*, 255 AD2d 345 [1998]; *Augeri v Massoff*, 134 AD2d at 309). Thus, the Supreme Court erred when it granted the hospital's motion for summary judgment on that ground with respect to Sirota.

Elliot Dreznick, a gastroenterologist, began treating the plaintiff's decedent for his chronic Crohn's disease in March 1993. At the time, the plaintiff's decedent informed Dreznick that he had been treating his Crohn's disease with Prednisone for many years. Dreznick prescribed Prednisone to the plaintiff's decedent, among other medications, at various times to control his acute Crohn's disease flare-ups. However, Dreznick consistently advised the plaintiff's decedent to move away from taking Prednisone because of the steroid's adverse side effects.

The Supreme Court correctly determined that the statute of limitations had not expired with regard to the allegations in the complaint insofar as asserted against Dreznick since the continuous treatment doctrine tolled the limitations period. The court properly granted that branch of Dreznick's motion which was for summary judgment dismissing all allegations of departure from accepted medical practice other than those concerning the prescription of Prednisone from 1993 to 1994 by him. However, the Supreme Court should have dismissed the complaint in its entirety insofar as asserted against Dreznick. The affirmation of Dreznick's expert established "the absence of any departure from good and accepted medical practice" (*Williams v Sahay*, 12 AD3d 366, 368 [2004]; *see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Johnson v Queens-Long Is. Med. Group, P.C.*, 23 AD3d 525, 526 [2005]). In response, the plaintiffs failed to raise a triable issue of fact (*see Bertini v Columbia Presbyt. Med. Ctr.*, 279 AD2d 492, 493 [2001]; *Kaplan v Hamilton Med. Assoc.*, 262 AD2d 609, 610 [1999]). Additionally, the plaintiff improperly argued for the first time in her reply papers that Dreznick was vicariously liable for the acts of the other doctors in his medical group (*see* CPLR 2214; *Lewis v Boyce*, 31 AD3d 395, 396 [2006]; *Correa v Salke,* 294 AD2d 461, 462 [2002]; *Scott v Albord*, 292 AD2d 367, 368 [2002]; *Tobias v Manginelli*, 266 AD2d 532 [1999]). Under the circumstances, this Court will not consider the argument.

The Supreme Court erred in awarding summary judgment to Radiological Health Services (hereinafter Radiological). In his affirmation, the expert for Radiological merely asserted in a conclusory fashion that, despite the two-day delay between the taking and the reading of the X ray of the decedent's right hip,

the findings "were communicated promptly to the treating surgeon." However, the expert failed to address either the deposition testimony of Charles Sitrin, Radiological's employee, to the effect that the infection revealed by the X ray required immediate reporting to the treating physician, or the deposition testimony of Neil Kurtz, the attending orthopedic surgeon, that the gas-forming organism revealed in the X ray could be fatal if not treated immediately.

On the other hand, and contrary to the plaintiff's contention, the Supreme Court properly awarded summary judgment to Sitrin. Sitrin established that, while he did not review the subject X ray until the Monday when he returned to work, he was not on call during the prior weekend, and thus was not in any way responsible for the two-day delay between the taking and the reading of the X ray.

As the plaintiff correctly contends, the Supreme Court also erred in awarding summary judgment to Steven Litman and Long Island Anesthesia Physicians, LLP. The conclusory affirmation of the expert for these defendants failed to establish their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Johnson v Queens-Long Is. Med. Group, P.C.*, 23 AD3d 525 [2005]).

The plaintiff contends that the Supreme Court erred in awarding summary judgment to Mark Tan, Ronald S. Bennett, Max I. Hamburger, and their employer, Rheumatology Associates of Long Island (hereinafter Rheumatology Associates). The plaintiff argues that these defendants were all vicariously liable for the acts of co-employee defendants Alan T. Kaell and Paul E. Schulman, because Rheumatology Associates was a partnership during the relevant time period. However, Rheumatology Associates asserted in its moving papers that it was "merely a corporate entity," not a partnership. In response, the plaintiff failed to raise a triable issue of fact regarding whether Rheumatology Associates was a partnership during the time period at issue (*see Brodsky v Stadlen*, 138 AD2d 662, 663 [1988]; *Ramirez v Goldberg*, 82 AD2d 850, 852 [1981]). Accordingly, the Supreme Court properly awarded summary judgment to Tan, Bennett, and Hamburger (*see Lynn v Corcoran*, 219 AD2d 698, 699 [1995]). However, even as a professional corporation, Rheumatology Associates is vicariously liable for the torts of its employees (*see Connell v Hayden*, 83 AD2d 30, 58 [1981]; *Monir v Khandakar*, 30 AD3d 487, 489 [2006]). The Supreme Court therefore erred in awarding summary judgment to Rheumatology Associates.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Skelos, Fisher and Santucci, JJ., concur.