■ ZORAIDA LOPEZ, Respondent, v MUMTAZ K. MASTER, M.D., et al., Defendants, and RONALD H. McLEAN, M.D., et al., Appellants. [870 NYS2d 306]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered April 9, 2008, which, insofar as appealed from as limited by the briefs, denied defendants Ronald H. McLean, M.D.'s and St. Barnabas Hospital's motions for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the complaint dismissed as against McLean and the hospital. The Clerk is directed to enter judgment accordingly.

As the court correctly found, McLean established prima facie his entitlement to summary judgment by submitting a medical expert's affidavit opining that his treatment of plaintiff comported with good and accepted medical practice and that any delay in surgery was not the proximate cause of plaintiff's postoperative complications. The evidence plaintiff submitted in opposition was insufficient to raise a triable issue of fact. Her expert physician failed to controvert McLean's expert's assertions that the physical findings during surgery suggested that McLean had timely intervened; that conservative management, rather than surgery, was appropriate for a patient with plaintiff's symptoms (and initially appeared to be working) and was indicated as a way to spare plaintiff unnecessary surgery, which could be risky, given her recent medical history; and that that recent history contributed to plaintiff's postoperative complications. With respect to the proximate cause of the postoperative complications, plaintiff's expert offered only conclusory assertions (see Rodriguez v Montefiore Med. Ctr., 28 AD3d 357 [2006]).

As there is no liability for plaintiff's injuries against McLean and the other physician defendants previously dismissed from this action, there can be no vicarious liability for plaintiff's injuries against the hospital (see Magriz v St. Barnabas Hosp., 43 AD3d 331 [2007], lv denied 10 NY3d 790 [2008]; Bertini v Columbia Presbyt. Med. Ctr., 279 AD2d 492 [2001]). In any event, nowhere in his affirmation does plaintiff's expert identify the manner in which the hospital staff deviated from good and accepted medical practice. Concur—Saxe, J.P., Nardelli, Buckley, Moskowitz and Renwick, JJ.