■ ANNA POPLAWSKI et al., Appellants-Respondents, v BETH R. GROSS et al., Respondents-Appellants, and TERRY RIFKIN et al., Respondents, et al., Defendant. [917 NYS2d 247]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.),

dated April 30, 2009, as granted that branch of the motion of the defendants Beth R. Gross, Susan M. Maloney, Terri Rifkin, Anita F. Sadaty, and Great Neck Obstetrics & Gynecology, P.C., which was for summary judgment dismissing the complaint insofar as asserted against the defendant Great Neck Obstetrics & Gynecology, P.C., and the defendants Beth R. Gross and Susan M. Maloney cross-appeal, as limited by their brief, from so much of the same order as denied that branch of the same motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the motion of the defendants Beth R. Gross, Susan M. Maloney, Terri Rifkin, Anita F. Sadaty, and Great Neck Obstetrics & Gynecology, P.C., which was for summary judgment dismissing the complaint insofar as asserted against the defendant Great Neck Obstetrics & Gynecology, P.C., is denied; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

On January 5, 2000, the plaintiff Anna Poplawski (hereinafter Poplawski) underwent a sonohysterogram at the defendant Great Neck Obstetrics & Gynecology, P.C. (hereinafter Great Neck). The procedure was prescribed by the defendant Susan M. Maloney and performed by the defendant Beth R. Gross. As a result of the procedure, Poplawski developed pelvic inflammatory disease.

The Supreme Court properly denied those branches of the motion of the defendants Gross, Maloney, Anita F. Sadaty, Terry Rifkin, and Great Neck (hereinafter the Great Neck defendants' motion), which were for summary judgment dismissing the complaint insofar as asserted against Gross and Maloney. The defendants demonstrated, prima facie, entitlement to judgment as a matter of law by presenting the expert affirmation of a gynecologist, who opined that Maloney exercised acceptable medical judgment in ordering the sonohysterogram and that Gross performed the sonohysterogram in an appropriate manner (see Vaccaro v St. Vincent's Med. Ctr., 71 AD3d 1000 [2010]). However, in opposition, the plaintiffs raised triable issues of fact through their experts' affirmations (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

The Supreme Court erred in granting that branch of the Great Neck defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Great Neck. "Business corporations are liable under the doctrine of

*respondeat superior* for the torts of their employees committed within the scope of the corporate business and, as with any other corporation, professional service corporations are similarly vicariously liable for the torts of their servants" (*Connell v Hayden*, 83 AD2d 30, 46 [1981] [citation omitted]; *see Keitel v Kurtz*, 54 AD3d 387, 392 [2008]; *Monir v Khandakar*, 30 AD3d 487, 489 [2006]). Thus, since Great Neck is a professional corporation, it is vicariously liable pursuant to the doctrine of respondeat superior for any wrongful acts committed by its employees, Gross and Maloney.

The plaintiffs' remaining contentions are without merit. Covello, J.P., Dickerson, Hall and Lott, JJ., concur.