■ BIBER KUKIC et al., Appellants, v BLANCA N. GRAND, M.D., Defendant, and STEVEN J. COLUCCI, M.D., et al., Respondents. [924 NYS2d 50]—

Judgment, Supreme Court, Bronx County (Geoffrey D. Wright, J.), entered February 1, 2010, dismissing the complaint against defendants Steven J. Colucci, M.D., George M. Amilo, M.D., and St. Barnabas Hospital, and bringing up for review an order, same court and justice, entered January 27, 2010, which granted those defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Appeal from the above order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The motion court correctly found that Drs. Colucci and Amilo established their prima facie entitlement to summary judgment by submitting medical experts' affidavits opining that their treatment of plaintiff Biber Kukic comported with good and accepted medical practice, and that Kukic's jump from a window while under one-to-one supervision was neither foreseeable nor proximately caused by any departures or deviations in the standard of care by either doctor.

As there is no liability for plaintiff's injuries against Colucci, Amilo, and the other physician defendants previously dismissed from this action, there can be no vicarious liability for plaintiff's injuries against the hospital (*Lopez v Master*, 58 AD3d 425 [2009], citing *Magriz v St. Barnabas Hosp.*, 43 AD3d 331 [2007], *lv denied in part and dismissed in part* 10 NY3d 790 [2008]; *Bertini v Columbia Presbyt. Med. Ctr.*, 279 AD2d 492 [2001]). In any event, the opinions in plaintiff's expert's affirmation identifying the manner in which the hospital staff deviated from good and accepted medical practice are speculative and wholly unsupported by the record (*see DeFilippo v New York Downtown Hosp.*, 10 AD3d 521 [2004]).

We have considered the remaining arguments and find them unavailing. Concur—Andrias, J.P., Friedman, Freedman, Richter and Román, JJ.