# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

432

CA 12-02119

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, VALENTINO, AND MARTOCHE, JJ.

PINNACLE CHARTER SCHOOL, WILLIAM A. PRESTON, AS
PARENT AND NATURAL GUARDIAN OF WILLIAM A. PRESTON,
JR. AND DEONDRA PRESTON, INFANTS, TAMERA HOOD, AS
PARENT AND NATURAL GUARDIAN OF JAYLIN JOHNSON, AN
INFANT, ZAKEA WILLIAMS, AS PARENT AND NATURAL
GUARDIAN OF TEARA WILLIAMS, TYREE WILLIAMS AND
ANTOINE RUSHING, JR., INFANTS, AND ERIKA WATKINS,
AS PARENT AND NATURAL GUARDIAN OF DIONA LYNNE
WATKINS, AN INFANT,
PLAINTIFFS-RESPONDENTS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF
NEW YORK, NEW YORK STATE EDUCATION DEPARTMENT AND
JOHN B. KING, JR., IN HIS CAPACITY AS COMMISSIONER
OF EDUCATION, DEFENDANTS-APPELLANTS-RESPONDENTS.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ROBERT M. GOLDFARB OF
COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (LISA A.
COPPOLA OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS.

---------------------------------------------------------------------------------

Appeal and cross appeal from an order of the Supreme Court, Erie
County (Paula L. Feroleto, J.), entered July 5, 2012. The order, among
other things, granted plaintiffs' motion for a preliminary injunction
and granted in part defendants' cross motion by dismissing the fourth
cause of action.

It is hereby ORDERED that the order so appealed from is unanimously
modified on the law by denying plaintiffs' motion for a preliminary
injunction, vacating the preliminary injunction, and granting
defendants' cross motion in its entirety and dismissing the complaint,
and as modified the order is affirmed without costs.

Memorandum: In April 2012 defendant Board of Regents of the
University of the State of New York (Board of Regents) denied the
application of plaintiff Pinnacle Charter School (Pinnacle) to renew its
charter to operate a charter school in the City of Buffalo. Pinnacle
and the individual plaintiffs, parents of infant children enrolled at
Pinnacle, commenced this action seeking, inter alia, judgment declaring
that the action of the Board of Regents was unconstitutional, and
preliminary and permanent injunctions enjoining defendants from

enforcing the denial of the renewal application and permitting Pinnacle to continue operating as an authorized charter school. Plaintiffs allege, inter alia, that the decision of the Board of Regents was made in violation of their rights to due process, the requirements of the State Administrative Procedure Act and the rights of the individual plaintiffs' children to a sound basic education under the Education Article of the State Constitution (NY Const, art XI, § 1). Plaintiffs further allege that Education Law § 2852 (6) is unconstitutional to the extent that it limits judicial and administrative review of the Board of Regents' action. Finally, plaintiffs allege that employees of defendant New York State Education Department (Department) negligently misrepresented that Pinnacle's charter would likely be renewed and the school would remain open at the same time that the Department was preparing its recommendation to deny Pinnacle's application to renew its charter and close the school.

Supreme Court erred in granting plaintiffs' motion seeking a preliminary injunction enjoining enforcement of the Board of Regents' determination denying Pinnacle's application to renew its charter and permitting Pinnacle to operate as an authorized charter school, inasmuch as plaintiffs failed to demonstrate a likelihood of success on the merits with respect to any of their claims (*see Doe v Axelrod*, 73 NY2d 748, 750-751). To the contrary, the evidence establishes conclusively that plaintiffs have no cause of action. Thus, although the court properly granted defendants' cross motion to dismiss the complaint for failure to state a cause of action to the extent that it sought dismissal of the fourth cause of action, for negligent misrepresentation, we conclude that the court should have granted defendants' cross motion in its entirety and dismissed the complaint (*see generally Kaufman v International Bus. Machs. Corp.*, 97 AD2d 925, 926-927, *affd* 61 NY2d 930). We therefore modify the order accordingly.

The first and second causes of action allege, respectively, that the determination of the Board of Regents violated Pinnacle's due process rights under the State Constitution (NY Const, art I, § 6) and the Federal Constitution (US Const, 14th Amend, § 1). We agree with defendants that the New York Charter Schools Act (Education Law art 56) creates no constitutionally protected property interest in the renewal of a charter and thus that the first and second causes of action fail to state a cause of action (*see Matter of New Covenant Charter School Educ. Faculty Assn. v Board of Trustees of the State Univ. of N.Y.*, 30 Misc 3d 1205 [A], 2010 NY Slip Op 52287[U], *2 [Sup Ct, Albany County 2010]; *see generally Board of Regents of State Colls. v Roth*, 408 US 564, 577). Moreover, we note that Pinnacle's charter expressly provided that "[n]othing herein shall require the [Board of] Regents to approve a Renewal Application." Contrary to Pinnacle's further allegation, the limitation on administrative review set forth in Education Law § 2852 (6) does not effect an unconstitutional denial of due process inasmuch as Pinnacle has no constitutional right to an administrative appeal (*see Matter of Wong v Coughlin*, 138 AD2d 899, 901). Absent any indication that the Board of Regents acted illegally, unconstitutionally or in excess of its jurisdiction, moreover, the limitation on judicial review does not implicate Pinnacle's due process rights (*see Matter of New York City Dept. of Envtl. Protection v New York City Civ. Serv. Commn.*, 78

NY2d 318, 323-324).

Contrary to the court's conclusion with respect to the third cause of action, alleging violation of the State Administrative Procedure Act, we agree with defendants that the Board of Regents was acting pursuant to its discretionary authority when it denied Pinnacle's renewal application, and it was not required to promulgate any rules pursuant to article 2 of the State Administrative Procedure Act with respect to its exercise of such authority (*see generally Matter of Alca Indus. v Delaney*, 92 NY2d 775, 777-778). Plaintiffs' contention that the Department's guidelines for charter renewal applications must be promulgated as rules pursuant to State Administrative Procedure Act § 202 was improperly raised for the first time in their reply papers (*see Keitel v Kurtz*, 54 AD3d 387, 391; *Sanz v Discount Auto*, 10 AD3d 395, 395). In any event, that contention lacks merit inasmuch as the guidelines are excluded from the Act's rulemaking requirement (*see* § 102 [2] [b] [iv]). The charter renewal process, moreover, is not an "adjudicatory proceeding" within the meaning of State Administrative Procedure Act § 102 (3), and thus the requirements of section 301 (3) are inapplicable.

With respect to the fifth cause of action, even assuming, arguendo, that the individual plaintiffs have standing to allege a violation of the Education Article on behalf of their children enrolled at Pinnacle based upon the alleged failure of the Buffalo School District to offer a sound basic education, we also agree with defendants that plaintiffs fail to state a cause of action for such violation (*see generally Paynter v State of New York*, 100 NY2d 434, 439). In any event, the renewal of Pinnacle's charter would not remedy the alleged violation of the Education Article.

Finally, with respect to plaintiffs' cross appeal, we conclude that the court properly granted that part of defendants' cross motion seeking dismissal of the fourth cause of action, for negligent misrepresentation, inasmuch as plaintiffs did not have a special or privity-like relationship with the Department such that it was required to impart correct information to plaintiffs (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 180; *Sample v Yokel*, 94 AD3d 1413, 1414-1415).

Entered:  July 5, 2013                        Frances E. Cafarell
                                              Clerk of the Court