■ JOHN C. BARONE, Respondent, v DELLO RUSSO LASER VISION MEDICAL CARE, PLLC, Defendant, and LASER EYE PRACTICE OF NEW YORK, PLLC, et al., Appellants. [30 NYS3d 111]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered March 24, 2015, which denied the motion of defendants Laser Eye Practice of New York, PLLC and Jeffrey

Dello Russo, M.D. for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

In this medical malpractice action stemming from Lasik eye surgery, Dr. Jeffrey Dello Russo satisfied his burden on summary judgment by submitting evidence that he had no further involvement with plaintiff after having performed initial corneal topographies, the performance and analysis of which plaintiff concedes did not deviate from accepted medical practice (*see Kristal R. v Nichter*, 115 AD3d 409, 411 [1st Dept 2014]). In opposition, plaintiff failed to raise an issue of fact as to whether Dr. Jeffrey Dello Russo had any involvement with the subsequent topography performed on plaintiff, rendering his expert's conclusion that Dr. Jeffrey Dello Russo should have known plaintiff was a poor candidate for Lasik surgery as unsupported by the record (*Feaster-Lewis v Rotenberg*, 93 AD3d 421, 422 [1st Dept 2012], *lv denied* 19 NY3d 803 [2012]; *see Bacani v Rosenberg*, 74 AD3d 500, 502 [1st Dept 2010], *lv denied* 15 NY3d 708 [2010]).

In that no malpractice has been shown against Dr. Jeffrey Dello Russo, there can be no vicarious liability to impute to defendant Laser Eye Practice of New York (*see Lopez v Master*, 58 AD3d 425 [1st Dept 2009]). Concur—Mazzarelli, J.P., Friedman, Andrias, Moskowitz and Kahn, JJ.