■ DESIREE SMITH, as Administratix of the Goods, Chattels and Credits of CONNIE HOBSON, Deceased, Appellant, v FRANK WATKINS, M.D., et al., Defendants, and ST. BARNABAS HOSPITAL, Respondent. [42 NYS3d 797]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered March 19, 2015, which, to the extent appealed from as limited by the briefs, granted the motion of defendant St. Barnabas Hospital for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

The motion court providently exercised its discretion in denying plaintiff's request for an adjournment to permit her to provide a supplemental expert affirmation after St. Barnabas provided three pages from its expert's affirmation that had been inadvertently omitted. The omitted pages were largely

repetitive of the remainder of the affirmation, and the substance of those pages was recounted in the motion papers.

Plaintiff alleges that two physicians at St. Barnabas, defendants Watkins and Erlikh, departed from the standard of medical care in treating the decedent, who was admitted to the hospital after fracturing her hip. Assuming that St. Barnabas could be held vicariously liable for malpractice committed by those physicians, Drs. Watkins and Erlikh were granted summary judgment dismissing the claims against them and plaintiff has not pursued an appeal as to those claims. As there is no liability for plaintiff's decedent's injuries or wrongful death against Drs. Watkins and Erlikh, there can be no vicarious liability against the hospital (*see Kukic v Grand*, 84 AD3d 609 [1st Dept 2011]). Assuming the physicians acted with apparent agency on behalf of the hospital, liability is still "contingent upon the plaintiff having a viable claim against the physician who treated [her]" (*Polgano v Christakos*, 104 AD3d 501, 502 [1st Dept 2013]).

Plaintiff's argument that the hospital could still be found liable based on its overall negligence or negligence of other employees in treating decedent, who was a service patient, is unavailing (*see Escobar v New York Hosp.*, 111 AD2d 128, 129 [1st Dept 1985]). Plaintiff did not allege or provide evidence to support a claim of independent negligence against St. Barnabas. Plaintiff's medical expert only addressed the negligence of defendant doctors, not of St. Barnabas' staff, and there is no claim that any doctor's orders were so clearly contraindicated that St. Barnabas' staff should have questioned the orders. Accordingly, there is no basis for finding that the hospital staff committed independent acts of negligence (*see Suits v Wyckoff Hgts. Med. Ctr.*, 84 AD3d 487, 488 [1st Dept 2011]; *Walter v Betancourt*, 283 AD2d 223, 224 [1st Dept 2001]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Friedman, J.P., Moskowitz, Webber, Kahn and Gesmer, JJ.