Burnett-Joseph v McGrath (2018 NY Slip Op 01137)





Burnett-Joseph v McGrath


2018 NY Slip Op 01137


Decided on February 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 15, 2018

Friedman, J.P., Tom, Mazzarelli, Singh, JJ.


5729 304761/11

[*1]Marion Burnett-Joseph, etc., Plaintiff-Respondent,
v
Brian McGrath, M.D., et al., Defendants-Appellants, Narasinga Parsinam Rao, et al., Defendants.


Garbarini & Scher, P.C., New York (William D. Buckley of counsel), for appellants.
Duffy & Duffy, PLLC, Uniondale (James N. LiCalzi of counsel), for respondent.



Order, Supreme Court, Bronx County (Stanley Green, J.), entered July 20, 2015, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Brian McGrath, M.D. and St. Barnabas Hospital (together, appellants) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
The motion court correctly found issues of fact precluding summary judgment. Plaintiff's decedent was brought into St. Barnabas Hospital by the police in an intoxicated and agitated condition. He was then chemically sedated with Valium. Two and one-half hours later, he "flatlined," and, while resuscitative efforts were made, he did not awaken and was declared "brain dead" four days later.
Appellants contend that Dr. McGrath cannot be held liable for medical malpractice because, as a resident, he did not exercise independent medical judgment when he chose the type and dosage of sedative to use on decedent. However, the deposition testimony of the attending physician, defendant Dr. Rao, raised an issue of fact as to whether Dr. McGrath was permitted to, and in fact did, exercise independent medical judgment in deciding on the amount and type of sedation to administer, so that he may be held liable, and St. Barnabas Hospital may be held vicariously liable (see e.g. Soto v Andaz, 8 AD3d 470, 471 [2d Dept 2004]; Lopez v Master, 58 AD3d 425, 425 [1st Dept 2009]).
Appellants made a prima facie showing that they did not depart from the standard of care in choosing the type and amount of sedative to use, and that their treatment and monitoring of decedent were appropriate and did not cause or contribute to his death since, among other things, Valium would not affect the part of the brain that controls respiration. However, to the extent appellants' expert in pharmacology opined that decedent's death resulted from other substances he ingested, the expert's opinion that the substances "may contain innumerable unidentifiable chemicals and toxins," without stating what these chemicals or toxins were, or what their effects might be, amounts to speculation and does not establish appellants' entitlement to summary judgment on that ground (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]; Rodriguez v Montefiore Med. Ctr., 28 AD3d 357, 357 [1st Dept 2006]).
In opposition, plaintiff, through her experts, raised issues of fact as to whether appellants' use of Valium, and the amount administered, coupled with the alcohol in decedent's bloodstream, departed from the standard of care and led to his death. Plaintiff's experts also raised an issue as to whether appellants failed to adequately monitor decedent and disputed the theory that other substances could have contributed to his death.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 15, 2018
CLERK