Pepen v Lascano (2024 NY Slip Op 05651)

Pepen v Lascano

2024 NY Slip Op 05651

Decided on November 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024

Before: Kern, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 20942/14 Appeal No. 3045,3046,3047 Case No. 2023-04650, 2023-04652, 2023-04653 

[*1]Dayana Pepen , et al., Plaintiffs-Appellants,
v
Armando Lascano, D.P.M., et al., Defendants-Respondents. New York Foot Care East 149th Street, PLLC Doing Business as New York Foot Care, LLC, Third-Party-Respondent. 

Demidchik Law Firm, Flushing (Jason C. Molesso of counsel), for appellants.
Catalano, Gallardo & Petropoulos, LLP, Jericho (Michele R.Levin of counsel), for Armando Lascano D.P.M., respondent.
Heidel, Pittoni, Murphy & Bach, LLP, Garden City (Greg Freidman of counsel), for Thomas Frachini D.P.M., respondent.
Schiavetti, Corgan, Diedwards, Weinberg & Nicholson, LLP, White Plains (Edward R. Nicholson of counsel), for John A. Debello, DPM and New York Foot Care Services, PLLC, respondents.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered March 8, 2023, which granted defendant Dr. Armando Lascano, D.P.M.'s motion for summary judgment dismissing the complaint and all counterclaims and cross-claims as against him, unanimously affirmed, without costs. Order, same court and Justice, entered March 8, 2023, which granted the motion of defendants John DeBello, DPM and New York Foot Care Services PLLC for summary judgment dismissing the complaint and all counterclaims and cross-claims as against them, unanimously affirmed, without costs. Order, same court and Justice, entered March 8, 2023, which granted defendant Dr. Thomas Franchini, D.P.M.'s motion for summary judgment dismissing all claims as against him, unanimously affirmed, without costs.
Defendants established prima facie entitlement to summary judgment dismissing the complaint as against them by submitting expert affirmations opining that the injured plaintiff's treatment, consisting of initial conservative treatment followed by surgery and postoperative care, complied with the applicable standards of podiatric care. The experts further opined that regardless of which doctor actually performed the surgery, the lead surgeon exercised appropriate professional judgment and technique, and that the outcome resulted not from a failure of treatment, but from the known difficulty in treating osteochondritis dissecans (OCD).
In opposition, plaintiffs failed to raise a material issue of fact. As Supreme Court aptly observed, regardless of any disagreement over which podiatrist was the lead surgeon and which assisted in performing the procedure, plaintiffs' expert failed to point to any deviation from the standard of care that caused the injury (see Coronel v New York City Health & Hosps. Corp., 47 AD3d 456, 457 [1st Dept 2008]). Although plaintiffs' expert affirmed that the surgical report lacked specificity in that it did not note the depth of drilling or the size of the injured plaintiff's OCD lesion, he failed to explain how this purported imprecision of documentation caused the surgery to fail (see Ramirez v Columbia- Presbyterian Med. Ctr., 16 AD3d 238, 239 [1st Dept 2005]). He also did not address defendants' experts' opinions that OCD was difficult to treat and that surgical attempts to stimulate bone growth had a known risk of failure.
Plaintiffs do not have any direct claims against Dr. Franchini, as their complaint against him was previously dismissed on jurisdictional grounds. Although Dr. Lascano commenced a third-party action against Dr. Franchini, that action necessarily fails, because plaintiffs failed to show any deviation from good and accepted medical practice.
Plaintiffs' allegations against Dr. DeBello and NY Foot Care Services are based upon NY Foot Care Services' employment of Dr. Lascano and its engagement of Dr. Franchini as an independent contractor. As there is no liability for plaintiffs' injuries against either Dr. Lascano or Dr. Franchini[*2], there can be no vicarious liability as against Dr. DeBello or NY Foot Care Services (see Kukic v Grand, 84 AD3d 609, 610[1st Dept 2011]).
We have considered the parties' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2024