■ JOHN T. JOHANESSEN, as Executor of KENNETH R. JOHANESSEN, Deceased, Appellant, v JAGENNATH SINGH et al., Defendants, and VICTORY MEMORIAL HOSPITAL, Respondent. [686 NYS2d 830] —In an action to recover damages for wrongful death arising from medical malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Weston Patterson, J.), dated November 25, 1997, as granted the cross motion of the defendant Victory Memorial Hospital for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion of the defendant Victory Memorial Hospital for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision granting that branch of the cross motion which was to dismiss so much of the complaint as alleged that the defendant Victory Memorial Hospital was vicariously liable for the actions of the defendant Jagennath

Singh and otherwise denying the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly granted that branch of the respondent's cross motion which was to dismiss so much of the complaint as alleged that it was vicariously liable for the treatment rendered to the plaintiff's decedent by the defendant Jagennath Singh. In general, a hospital is shielded from liability for the negligence of a private attending physician practicing at its facility (*see, Hill v St. Clare's Hosp.,* 67 NY2d 72, 79; *Fiorentino v Wenger,* 19 NY2d 407, 414-415). The evidence submitted by the respondent established that the plaintiff's decedent was admitted to it as a private patient of Dr. Singh, and the plaintiff failed to present evidence sufficient to raise a triable issue of fact with respect to this issue (*see, Nagengast v Samaritan Hosp.,* 211 AD2d 878).

The Supreme Court erred, however, in granting that branch of the cross motion which was to dismiss so much of the complaint as alleged that the respondent was vicariously liable for the independent negligence of its staff (*see, Hill v St. Clare's Hosp., supra; Gerner v Long Is. Jewish Hillside Med. Ctr.,* 203 AD2d 60). The affidavit submitted by the plaintiff's expert was sufficient to raise a triable issue of fact as to, *inter alia*, whether the treatment provided by the respondent's staff when the plaintiff's decedent was suffering from acute respiratory distress constituted a departure from good and accepted standards of medical practice (*see, Lambos v Weintraub,* 246 AD2d 356; *Pellegrino v Cunanan,* 227 AD2d 950; *Menzel v Plotnick,* 202 AD2d 558; *cf., Alvarez v Prospect Hosp.,* 68 NY2d 320). O'Brien, J. P., Ritter, Thompson and Goldstein, JJ., concur.