■ JOHN ORGOVAN et al., Respondents, v WILLIAM BLOOM et al., Respondents, and ST. CHARLES HOSPITAL AND REHABILITATION CENTER, Appellant, et al., Defendant. [776 NYS2d 879]—

In an action, inter alia, to recover damages for medical malpractice, the defendant St. Charles Hospital and Rehabilitation Center appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated May 13, 2003, as denied its motion, in effect, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiffs commenced this action, inter alia, to recover damages for medical malpractice against, among others, St. Charles Hospital and Rehabilitation Center (hereinafter St. Charles), and Dr. Santiago A. Wong and Dr. Dinesh Shukla, two doctors who treated the infant plaintiff at St. Charles. The Supreme Court denied St. Charles' motion, in effect, for summary judgment dismissing the complaint insofar as asserted against it on the ground that it may be held vicariously liable for the alleged malpractice of Dr. Wong and Dr. Shukla. We disagree.

"As a general rule, a hospital is not vicariously liable for the malpractice of a private attending physician who is not its employee" (*Padula v Bucalo*, 266 AD2d 524 [1999]; *see also Hill v St. Clare's Hosp.*, 67 NY2d 72, 79 [1986]; *Johanessen v Singh*,

259 AD2d 670, 671 [1999]). However, an exception to the general rule exists when a patient comes to the emergency room seeking treatment from the hospital and not from a particular physician of the patient's choosing (*see Woodard v LaGuardia Hosp.*, 282 AD2d 529, 530 [2001]; *Abraham v Dulit*, 255 AD2d 345 [1998]; *Litwak v Our Lady of Victory Hosp. of Lackawanna*, 238 AD2d 881 [1997]; *Mduba v Benedictine Hosp.*, 52 AD2d 450 [1976]). St. Charles established its prima facie entitlement to judgment as a matter of law by demonstrating that Dr. Wong and Dr. Shukla were private, attending doctors to whom the plaintiffs were referred through their usual pediatrician and neurologist (*see Ventura v Beth Israel Med. Ctr.*, 297 AD2d 801, 802-803 [2002]; *Culhane v Schorr*, 259 AD2d 511, 512-513 [1999]; *Nagengast v Samaritan Hosp.*, 211 AD2d 878, 879 [1995]; *see also Klippel v Rubinstein*, 300 AD2d 448 [2002]). In opposition, the plaintiffs failed to raise a triable issue of fact on this issue (*see Padula v Bucalo, supra; Johanessen v Singh, supra*). Santucci, J.P., Florio, Schmidt and Rivera, JJ., concur.