■ JANET FILEMYR et al., Appellants, v ROBERT P. LOMBARDO et al., Defendants, and LENOX HILL HOSPITAL, Respondent. [782 NYS2d 670]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Spodek, J.), dated March 31, 2003, which granted the motion of the defendant Lenox Hill Hospital for summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court entered April 29, 2003, upon the order, dismissing the complaint insofar as asserted against the defendant Lenox Hill Hospital.

Ordered that the appeal from the order is dismissed; and is further,

Ordered that the judgment is reversed, on the law, the motion is denied, the complaint is reinstated in its entirety, and the order dated March 31, 2003, is vacated; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs allege that Franklin S. Cohen performed an unnecessary colectomy upon the injured plaintiff at the defendant Lenox Hill Hospital (hereinafter the hospital) and also failed to obtain her informed consent for the procedure. The plaintiffs assert that the hospital is vicariously liable for Dr. Cohen's alleged malpractice. Dr. Cohen is not a party to this action. In granting the hospital's motion for summary judgment, the Supreme Court determined as a matter of law, inter alia, that the hospital was not liable for Dr. Cohen's actions or omissions.

The defendant failed to satisfy its prima facie burden of demonstrating its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-325 [1986]) with respect to the issue of vicarious liability on the ground of apparent or ostensible agency (*see Hill v St. Clare's Hosp.,* 67 NY2d 72, 80-81 [1986]; *Abraham v Dulit,* 255 AD2d 345 [1998]; *Ryan v New York City Health & Hosps. Corp.,* 220 AD2d 734, 736 [1995]; *Augeri v Massoff,* 134 AD2d 308, 309 [1987]). Thus, the

Supreme Court erred when it granted the defendant's motion for summary judgment on that ground. Santucci, J.P., Luciano, Crane and Rivera, JJ., concur.