JACKIE LYNN CHRISTOPHERSON, Respondent, v QUEENS-LONG ISLAND MEDICAL GROUP, P.C., et al., Defendants, and SYOSSET COMMUNITY HOSPITAL, Appellant. [792 NYS2d 608]—

In an action to recover damages for medical malpractice, the defendant Syosset Community Hospital appeals (1) from an order of the Supreme Court, Suffolk County (Lifson, J.), dated November 24, 2003, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it and (2), as limited by its brief, from so much of an order of the same court dated April 22, 2004, as denied its motion for leave to renew.

Ordered that the order dated November 24, 2003, is reversed, on the law, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed; and it is further,

Ordered that the appeal from the order dated April 22, 2004, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The infant plaintiff commenced this action to recover damages for medical malpractice against, among others, Syosset Community Hospital (hereinafter the Hospital) and Dr. Peter Takacs, the obstetrician who treated her mother at the Hospital while the infant plaintiff and her twin sister were in utero. The Supreme Court denied the Hospital's motion for summary judgment dismissing the complaint insofar as asserted against it. We reverse.

"As a general rule, a hospital is not vicariously liable for the malpractice of a private attending physician who is not its employee" (*Padula v Bucalo*, 266 AD2d 524 [1999]; *see Hill v St. Clare's Hosp.*, 67 NY2d 72, 79 [1986]; *Orgovan v Bloom*, 7 AD3d 770 [2004]; *Johanessen v Singh*, 259 AD2d 670, 671 [1999]). "However, an exception to the general rule exists when a patient comes to the emergency room seeking treatment from the hospital and not from a particular physician of the patient's choosing" (*Orgovan v Bloom, supra* at 771; *see Woodard v LaGuardia Hosp.*, 282 AD2d 529, 530 [2001]; *cf. Abraham v Dulit*, 255 AD2d 345 [1998]; *Litwak v Our Lady of Victory Hosp. of Lackawanna*, 238 AD2d 881 [1997]).

The Hospital established its prima facie entitlement to judgment as a matter of law with respect to the issue of vicarious liability on the ground of apparent or ostensible agency (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *cf. Filemyr v Lombardo*, 11 AD3d 581 [2004]). It demonstrated that Rose Antonucci, the mother of the infant plaintiff, was advised by her private physician to go to the Hospital and was specifically told that her private physicians "were waiting for" her there (*cf. Filemyr v Lombardo, supra; Finnin v St. Barnabas Hosp.*, 306 AD2d 189 [2003]). Antonucci was treated by Dr. Takacs, the obstetrician on-call from her private medical group. The evidence that Antonucci did not request a specific doctor when she arrived at the hospital and had never heard of or met Dr. Takacs before was insufficient to raise a triable issue of fact (*see Bevelacqua v Yonkers Gen. Hosp.*, 10 AD3d 668 [2004]; *Orgovan v Bloom, supra* at 771; *Padula v Bucalo, supra* at 525; *Woodard v LaGuardia Hosp., supra; Johanessen v Singh, supra*).

The issue of certification of medical records, not raised before the Supreme Court, and, therefore, waived by the plaintiff (*see Scudera v Mahbubur*, 299 AD2d 535 [2002]; *Teig v First Unum Ins. Co.*, 282 AD2d 669, 670 [2001]), is irrelevant to the question of Dr. Takacs' apparent agency.

In light of our determination, the appeal from the order dated April 22, 2004, denying the Hospital's motion for leave to renew its motion for summary judgment, has been rendered academic. Schmidt, J.P., Krausman, Crane and Fisher, JJ., concur.