■ REGINA SAMPSON et al., Appellants, v MICHAEL A. CONTILLO et al., Defendants, and MOUNT VERNON HOSPITAL, Respondent. [865 NYS2d 634]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered August 23, 2006, as granted that branch of the motion of the defendant Mount Vernon Hospital which was for summary judgment dismissing all claims asserted against it which arose between September 5, 2000 and November 24, 2001.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Mount Vernon Hospital which was for summary judgment dismissing all claims asserted against it which arose between September 5, 2000 and November 24, 2001 is denied.

" 'To establish a prima facie case of liability in a medical malpractice action, a plaintiff must prove (1) the standard of care in the locality where the treatment occurred, (2) that the defendant breached that standard of care, and (3) that the breach of the standard was the proximate cause of injury' " (*Nichols v Stamer,* 49 AD3d 832 [2008], quoting *Berger v Becker,* 272 AD2d 565, 565 [2000]).

"Generally, a hospital cannot be held vicariously liable for the malpractice of a private attending physician who is not its employee" (*Quezada v O'Reilly-Green,* 24 AD3d 744, 746 [2005]; *see Dragotta v Southampton Hosp.,* 39 AD3d 697, 698 [2007]; *Salvatore v Winthrop Univ. Med. Ctr.,* 36 AD3d 887, 888 [2007]; *Christopherson v Queens-Long Is. Med. Group, P.C.,* 17 AD3d 393, 394 [2005]; *Orgovan v Bloom,* 7 AD3d 770 [2004]). However, "an exception to the general rule exists where a patient comes to the emergency room seeking treatment from the hospital and not from a particular physician of the patient's choosing" (*Salvatore v Winthrop Univ. Med. Ctr.,* 36 AD3d at 888; *see Christopherson v Queens-Long Is. Med. Group, P.C.,* 17 AD3d at 394; *Orgovan v Bloom,* 7 AD3d at 771).

Here, the plaintiff failed to rebut the prima facie showing of

the defendant Mount Vernon Hospital (hereinafter the Hospital) that the defendant Michael A. Contillo was not an employee of the Hospital and that the exception to the general rule did not apply (*see Thurman v United Health Servs. Hosps., Inc.,* 39 AD3d 934, 936-937 [2007]; *see also Rizzo v Staten Is. Univ. Hosp.,* 29 AD3d 668, 668-669 [2006]; *cf. Padula v Bucalo,* 266 AD2d 524, 525 [1999]; *Culhane v Schorr,* 259 AD2d 511, 512-513 [1999]).

As to the Hospital's vicarious liability for the alleged malpractice of the defendant Chang J. Lee, "as a general rule, a principal is not liable for the wrongful acts of an independent contractor it retains" (*Sandra M. v St. Luke's Roosevelt Hosp. Ctr.,* 33 AD3d 875, 877 [2006]; *cf. Hill v St. Clare's Hosp.,* 67 NY2d 72, 79 [1986]; *Dragotta v Southampton Hosp.,* 39 AD3d at 698). "However, vicarious liability for the medical malpractice of an independent, private attending physician may be imposed under a theory of apparent or ostensible agency by estoppel" (*Dragotta v Southampton Hosp.,* 39 AD3d at 698). "In order to create such apparent agency, there must be words or conduct of the principal, communicated to a third party, which give rise to the appearance and belief that the agent possesses the authority to act on behalf of the principal. The third party must reasonably rely on the appearance of authority, based on some misleading words or conduct by the principal, not the agent. Moreover, the third party must accept the services of the agent in reliance upon the perceived relationship between the agent and the principal, and not in reliance on the agent's skill" (*id.*). Thus, "[t]here are two elements to such a claim of apparent or ostensible agency" (*id.* at 698-699). "To establish the 'holding out' element, the misleading words or conduct must be attributable to the principal" (*id.* at 699). "To establish the 'reliance' element, the third party must accept the agent's services and submit to the agent's care in reliance on the belief that the agent was an employee of the principal" (*id.*). "In the context of a medical malpractice action, the patient must have reasonably believed that the physicians treating him or her were provided by the hospital or acted on the hospital's behalf" (*id.*). "In the context of evaluating whether a doctor is the apparent agent of a hospital, a court should consider all 'attendant circumstances . . . to determine whether the patient could properly have believed that the physician was provided by the hospital' " (*Contu v Albert,* 18 AD3d 692, 693 [2005], quoting *Augeri v Massoff,* 134 AD2d 308, 309 [1987]).

Here, the Hospital demonstrated its prima facie entitlement to judgment as a matter of law on the issue of its vicarious li-

ability by establishing that Lee was not its employee, but was part of an independent group of radiologists which billed its patients directly for its services (*see Dragotta v Southampton Hosp.*, 39 AD3d at 699; *see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). However, in opposition, the plaintiffs raised a triable issue of fact as to whether the Hospital may be vicariously liable for Lee's alleged malpractice and negligence under a theory of apparent or ostensible agency (*see Dragotta v Southampton Hosp.*, 39 AD3d at 698-700; *compare Thurman v United Health Servs. Hosps., Inc.*, 39 AD3d at 936; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]). The evidence established, inter alia, that Lee's group provided services for "all the inpatients and outpatients and the emergency room patients" at the Hospital, that Lee did not provide radiology services for anybody who was not a patient at the Hospital, that the group's relationship with the Hospital prevented it from taking on outside work, that the Hospital owned the imaging equipment Lee and his associates used, and that the X rays of the decedent were performed in the Hospital. Since the plaintiffs raised an issue of fact as to whether the Hospital may be vicariously liable for Lee's alleged malpractice and negligence under a theory of apparent or ostensible agency, the Supreme Court should have denied the Hospital's motion for summary judgment. Mastro, J.P., Skelos, Covello and Leventhal, JJ., concur.