In an action to recover damages for medical malpractice, the defendant Nyack Hospital appeals from an order of the Supreme Court, Westchester County (Loehr, J), entered October 17, 2008, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Nyack Hospital for summary judgment dismissing the complaint insofar as asserted against it is granted.
The Supreme Court erred in denying the motion of the defendant Nyack Hospital (hereinafter Nyack) for summary judgment dismissing the complaint insofar as asserted against it. “Generally, a hospital cannot be held vicariously liable for the malpractice of a private attending physician who is not its employee” (Quezada v O’Reilly-Green, 24 AD3d 744, 746 [2005]; see Sampson v Contillo, 55 AD3d 588, 589 [2008]; Dragotta v Southampton Hosp., 39 AD3d 697, 698 [2007]; Salvatore v Winthrop Univ. Med. Ctr., 36 AD3d 887, 888 [2007]; Christopherson v Queens-Long Is. Med. Group, P.C., 17 AD3d 393, 394 [2005]; Orgovan v Bloom, 7 AD3d 770 [2004]). However, “an exception to the general rule exists where a patient comes to the emergency room seeking treatment from the hospital and not from a particular physician of the patient’s choosing” (Salvatore v Winthrop Univ. Med. Ctr., 36 AD3d at 888; see Sampson v Contillo, 55 AD3d at 589; Christopherson v Queens-Long Is. Med. Group, P.C., 17 AD3d at 394; Orgovan v Bloom, 7 AD3d at 771).
Here, in opposition to Nyack’s prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise *667 a triable issue of fact as to whether, in arriving at Nyack’s emergency room at the direction of his private physician, he sought treatment from Nyack and not from the defendant Rakesh Shreedhar, M.D., the private attending surgeon who had been called to the hospital by the plaintiffs private physician and performed an exploratory laparotomy several hours later (see Bevelacqua v Yonkers Gen. Hosp., 10 AD3d 668 [2004]; Orgovan v Bloom, 7 AD3d at 771; O’Regan v Lundie, 299 AD2d 531 [2002]; Johanessen v Singh, 259 AD2d 670, 671 [1999]; see also Christopherson v Queens-Long Is. Med. Group, P.C., 17 AD3d at 394; Klippel v Rubinstein, 300 AD2d 448, 449 [2002]). Moreover, the plaintiff failed to raise a triable issue of fact as to whether Nyack’s emergency room staff committed independent acts of malpractice and as to whether any order given by Dr. Shreedhar was so contraindicated that Nyack’s staff should not have followed it (see Toth v Bloshinsky, 39 AD3d 848, 850 [2007]; Cook v Reisner, 295 AD2d 466, 467 [2002]; see also Rizzo v Staten Is. Univ. Hosp., 29 AD3d 668, 669 [2006]). Furthermore, the plaintiff failed to raise a triable issue of fact as to whether Nyack may be held liable under a theory of ostensible or apparent agency (see Christopherson v Queens-Long Is. Med. Group, P.C., 17 AD3d at 394; cf. Sosnoff v Jackman, 45 AD3d 568, 571 [2007]; Gunther v Staten Is. Hosp., 226 AD2d 427, 428 [1996]).
In view of our determination, we need not reach Nyack’s remaining contention. Mastro, J.P., Santucci, Chambers and Lott, JJ., concur.