■ CRYSTAL GARDNER, Appellant, v BROOKDALE HOSPITAL MEDICAL CENTER, Respondent. [901 NYS2d 680]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated April 3, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"As a general rule, a hospital is not vicariously liable for the malpractice of a private attending physician who is not its employee" (*Padula v Bucalo*, 266 AD2d 524, 524 [1999]; *see Hill v St. Clare's Hosp.*, 67 NY2d 72, 79 [1986]; *Orgovan v Bloom*, 7 AD3d 770 [2004]; *Johanessen v Singh*, 259 AD2d 670, 671 [1999]). "However, an exception to the general rule exists when a patient comes to the emergency room seeking treatment from the hospital and not from a particular physician of the patient's choosing" (*Orgovan v Bloom*, 7 AD3d 770, 771 [2004]; *see Woodard v LaGuardia Hosp.*, 282 AD2d 529, 530 [2001]; *cf. Abraham v Dulit*, 255 AD2d 345 [1998]; *Litwak v Our Lady of Victory Hosp. of Lackawanna*, 238 AD2d 881 [1997]).

The defendant, Brookdale Hospital Medical Center (hereinafter the Hospital), established its prima facie entitlement to judgment as a matter of law with respect to the issue of vicarious liability on the ground of apparent or ostensible agency (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *cf. Filemyr v*

*Lombardo,* 11 AD3d 581 [2004]). It demonstrated that Marvalette Gardner, the mother of the infant plaintiff, received prenatal care at a HIP Center, was referred to the Hospital on three occasions for prenatal testing by a private physician, and was instructed by her private physician to go to the Hospital for the infant's birth (*cf. Filemyr v Lombardo,* 11 AD3d 581 [2004]; *Finnin v St. Barnabas Hosp.,* 306 AD2d 189 [2003]; *Mduba v Benedictine Hosp.,* 52 AD2d 450 [1976]). Upon her admission to the labor and delivery department, Gardner was treated by Dr. Stanislawa Szechter, an obstetrician on call from the HIP Center with privileges at the Hospital. The evidence that Gardner did not request a specific doctor when she arrived at the Hospital and had never heard of or met Dr. Szechter before was insufficient to raise a triable issue of fact (*see Christopherson v Queens-Long Is. Med. Group, P.C.,* 17 AD3d 393 [2005]; *Bevelacqua v Yonkers Gen. Hosp.,* 10 AD3d 668 [2004]; *Orgovan v Bloom,* 7 AD3d at 771; *Padula v Bucalo,* 266 AD2d at 525; *Woodard v LaGuardia Hosp.,* 282 AD2d 529 [2001]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Fisher, J.P., Balkin, Roman and Sgroi, JJ., concur.