■ PALMA GIAMBONA, Appellant-Respondent, v GEORGE L. HINES et al., Respondents, and WINTHROP-UNIVERSITY HOSPITAL ASSOCIATION, Respondent-Appellant, et al., Defendants. [961 NYS2d 519]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals, as limited by her brief, from so much of a resettled order of the Supreme Court, Nassau County (Parga, J.), entered April 11, 2011, as, pursuant to an order of the same court entered August 24, 2010, and resettled nunc pro tunc as of June 22, 2010, (a) granted that branch of the motion of the defendants George L. Hines and Winthrop Cardiovascular & Thoracic Surgery, P.C., which was for sum-

mary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against them, and (b) granted that branch of the cross motion of the defendant Winthrop-University Hospital Association which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the treatment rendered to the plaintiff's decedent by nonparty physician Rakesh Shah; and the defendant Winthrop-University Hospital Association cross-appeals from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the treatment rendered to the plaintiff's decedent by the defendant Nicolas Raio.

Ordered that the resettled order entered April 11, 2011, is affirmed insofar as appealed from; and it is further,

Ordered that the resettled order entered April 11, 2011, is reversed insofar as cross-appealed from, on the law, and that branch of the cross motion of the defendant Winthrop-University Hospital Association which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the treatment rendered to the plaintiff's decedent by the defendant Nicolas Raio is granted; and it is further,

Ordered that one bill of costs is awarded to the defendants George L. Hines, Winthrop Cardiovascular Thoracic Surgery, P.C., and Winthrop-University Hospital Association appearing separately and filing separate briefs, payable by the plaintiff.

The plaintiff's decedent allegedly sustained injuries and died as the result of a thoracoabdominal aortic aneurysm that was not timely and properly diagnosed or treated. The plaintiff commenced this action, inter alia, to recover damages for medical malpractice and wrongful death, against the defendants George L. Hines, Winthrop Cardiovascular & Thoracic Surgery, P.C. (hereinafter Winthrop Cardiovascular), Winthrop-University Hospital Association (hereinafter Winthrop-University Hospital), Bethpage Primary Medical Care, P.C. (hereinafter Bethpage Primary Medical), and physicians Anthony T. Arcati, Barrett Donald Sklar, Jack W. Geffken, John Salvatore Boccio, and Nicolas Raio.

Bethpage Primary Medical, Arcati, Sklar, Geffken, and Boccio moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, and Hines and Winthrop Cardiovascular separately moved for summary judgment dismissing the complaint insofar as asserted against them. Winthrop-University Hospital cross-moved for summary judgment dismissing the complaint insofar as asserted against it. In

the resettled order appealed from, the Supreme Court awarded summary judgment to Bethpage Primary Medical, Arcati, Sklar, Geffken, and Boccio, dismissing the complaint insofar as asserted against them. The court also awarded summary judgment to Hines and Winthrop Cardiovascular, dismissing the complaint insofar as asserted against them. Consequently, the court awarded summary judgment to Winthrop-University Hospital dismissing the vicarious liability claims asserted against it pertaining to Bethpage Primary Medical, Winthrop Cardiovascular, Arcati, Sklar, Geffken, Boccio, and Hines. However, the court denied that branch of Winthrop-University Hospital's cross motion which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the treatment rendered to the decedent by Raio, who did not move for summary judgment.

"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (*DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]; *see Hayden v Gordon*, 91 AD3d 819, 820 [2012]; *Guzzi v Gewirtz*, 82 AD3d 838 [2011]). On a motion for summary judgment, a defendant physician "must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby" (*Stukas v Streiter*, 83 AD3d 18, 24 [2011]; *see Gillespie v New York Hosp. Queens*, 96 AD3d 901, 902 [2012]; *Healy v Damus*, 88 AD3d 848, 849 [2011]; *Heller v Weinberg*, 77 AD3d 622, 622-623 [2010]). Once a defendant has made such a showing, the burden shifts to the plaintiff to "submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), but only as to the elements on which the defendant met the prima facie burden (*see Stukas v Streiter*, 83 AD3d at 23-24; *Gillespie v New York Hosp. Queens*, 96 AD3d at 902; *Garrett v University Assoc. in Obstetrics & Gynecology, P.C.*, 95 AD3d 823, 825 [2012]).

Contrary to the plaintiff's contention on appeal, the Supreme Court properly granted that branch of the motion of Hines and Winthrop Cardiovascular which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against them. Hines and Winthrop Cardiovascular made a prima facie showing of their entitlement to judgment as a matter of law by submitting, among other things, an expert affidavit demonstrating that Hines did not depart from good and accepted standards of medical care in opting not to surgically repair a lower thoracic aortic

aneurysm that appeared on a CT-scan of the decedent's abdomen in April 2005, given the size of the aneurysm at the time and the decedent's "multiple co-morbid conditions," which made him a poor candidate for surgery. The expert affidavit also established that any departure from good and accepted standards of medical care in opting not to surgically repair the subject aneurysm at that time was not a proximate cause of the injuries sustained by the decedent in July 2005, when he suffered complications from a separate pseudoaneurysm. In opposition, the plaintiff failed to raise a triable issue of fact. Even if the plaintiff's expert's affidavit was sufficient to establish that Hines departed from accepted standards of medical care in opting not to surgically repair the subject aneurysm in April 2005, the expert's opinion was insufficient to raise a triable issue of fact as to whether the injuries sustained by the decedent in July 2005 were proximately caused by any such departure, because the opinion was conclusory and unsupported by the record on the issue of causation (*see Bezerman v Bailine*, 95 AD3d 1153, 1154 [2012]; *Gillespie v New York Hosp. Queens*, 96 AD3d at 902; *Lau v Wan*, 93 AD3d 763, 765 [2012]; *Savage v Quinn*, 91 AD3d 748, 750 [2012]).

Furthermore, the Supreme Court properly granted that branch of Winthrop-University Hospital's cross motion which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the treatment rendered to the decedent by nonparty physician Rakesh Shah. Contrary to the plaintiff's contention, the court properly considered Winthrop-University Hospital's untimely cross motion on the merits, since the timely filed motions for summary judgment by the other defendants were still pending and "made on nearly identical grounds" (*Grande v Peteroy*, 39 AD3d 590, 592 [2007]; *see Homeland Ins. Co. of N.Y. v National Grange Mut. Ins. Co.*, 84 AD3d 737, 738 [2011]; *Joyner-Pack v Sykes*, 54 AD3d 727, 728 [2008]). Furthermore, Winthrop-University Hospital made a prima facie showing that any alleged departure from accepted standards of medical care by Shah in misreading the CT-scan of the decedent's abdomen in April 2005 was not a proximate cause of the decedent's alleged injuries, since the course of treatment selected by Hines was not based upon the report written by Shah, but rather, upon an independent review of the CT-scan (*see Garrett v University Assoc. in Obstetrics & Gynecology, P.C.*, 95 AD3d at 826). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

However, the Supreme Court erred in denying that branch of

Winthrop-University Hospital's cross motion which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the treatment rendered to the decedent by Raio. "In general, a hospital may not be held vicariously liable for the malpractice of a private attending physician who is not an employee" (*Toth v Bloshinsky*, 39 AD3d 848, 850 [2007]; *see Corletta v Fischer*, 101 AD3d 929 [2012]; *Gardner v Brookdale Hosp. Med. Ctr.*, 73 AD3d 1124 [2010]; *Martinez v La Porta*, 50 AD3d 976, 977 [2008]). "However, an exception to the general rule exists when a patient comes to the emergency room seeking treatment from the hospital and not from a particular physician of the patient's choosing" (*Orgovan v Bloom*, 7 AD3d 770, 771 [2004]; *see Gardner v Brookdale Hosp. Med. Ctr.*, 73 AD3d at 1124; *Salvatore v Winthrop Univ. Med. Ctr.*, 36 AD3d 887, 888 [2007]; *Johnson v Jamaica Hosp. Med. Ctr.*, 21 AD3d 881, 883 [2005]).

Here, Winthrop-University Hospital made a prima facie showing of its entitlement to judgment as a matter of law dismissing so much of the complaint as alleged that it was vicariously liable for the alleged malpractice of Raio by submitting evidence that Raio was not an employee of Winthrop-University Hospital, but rather, an attending physician at the hospital (*see Alvarado v Beth Israel Med. Ctr.*, 78 AD3d 873, 875 [2010]; *Sullivan v Sirop*, 74 AD3d 1326, 1328 [2010]; *Sampson v Contillo*, 55 AD3d 588, 590-591 [2008]; *Dragotta v Southampton Hosp.*, 39 AD3d 697, 698-699 [2007]). Furthermore, Winthrop-University Hospital made a prima facie showing that the emergency room exception was inapplicable, by demonstrating that the decedent was referred to Raio's care by his own internist (*see Schultz v Shreedhar*, 66 AD3d 666, 666-667 [2009]; *Bevelacqua v Yonkers Gen. Hosp.*, 10 AD3d 668 [2004]; *Orgovan v Bloom*, 7 AD3d at 771). In opposition, the plaintiff failed to raise a triable issue of fact (*see Corletta v Fischer*, 101 AD3d at 929; *Schultz v Shreedhar*, 66 AD3d at 667). Accordingly, the Supreme Court should have granted that branch of Winthrop-University Hospital's cross motion which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the treatment rendered to the decedent by Raio. Rivera, J.P., Angiolillo, Chambers and Roman, JJ., concur.