In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Ecker, J.), dated March 26, 2012, which granted the motion of the defendant St. Anthony’s Community Hospital for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is affirmed, with costs.
At issue here is whether the defendant St. Anthony’s Community Hospital (hereinafter the hospital) is vicariously liable for the alleged medical malpractice of the defendant Dominic Berlingieri, a pediatrician who practices medicine under the name Warwick Fediatrics, EC. (hereinafter Warwick).
*682 Several weeks prior to August 29, 2008, the plaintiff Vanessa Muslim (hereinafter Vanessa), who was pregnant, received several forms in the mail from the hospital, including a “PreAdmission Obstetrical Assessment” form, which, in relevant part, requested her to put a check mark next to one of two identified private pediatrics practices—Warwick or Chester Pediatrics, LLP (hereinafter Chester)—to treat her child immediately after the upcoming birth. Vanessa recalled at her deposition that she had selected Warwick and someone with a name similar to Berlingieri. In the early morning hours of August 29, 2008, Vanessa began to experience abdominal pains, and called her private obstetrician, the defendant Alex Joanow, who told her to go to the labor and delivery unit at the hospital. After Vanessa and her mother arrived at the hospital at approximately 4:45 a.m., Vanessa’s mother signed a “Consent for Treatment” form as Vanessa’s “representative.” The form stated, in relevant part: “I authorize [the hospital], through its medical staff, to provide me and/or my minor dependents medical care encompassing routine laboratory diagnostic or medical/surgical treatment.”
Joanow arrived at the hospital at approximately 5:30 a.m. on August 29, 2008, and immediately assembled a team of physicians and nurses to attend to Vanessa. Berlingieri was a part of the team assembled in the delivery room. The hospital considered Berlingieri to be a private attending physician, and did not bill Vanessa for the services he rendered. Berlingieri claimed that he and the physician who practiced under the name Chester shared the “on call” schedule for the hospital’s pediatrics unit, and were the only pediatricians with privileges at the hospital. When Berlingieri rendered services as the on-call pediatrician, he received payment directly from the person responsible for any infant patient’s medical care or that person’s insurer, and not from the hospital. Berlingieri testified at his deposition that, as far as he was aware, the hospital did not have any pediatricians on staff.
In support of its motion for summary judgment dismissing the complaint insofar as asserted against it, the hospital contended that it could not be held vicariously liable for the treatment rendered by Berlingieri to Vanessa and her daughter, the infant plaintiff Elianna Muslim. In the order appealed from, the Supreme Court granted the hospital’s motion for summary judgment, concluding that the hospital established, prima facie, that Berlingieri was not its employee, and that the plaintiffs failed to raise a triable issue of fact as to whether they relied upon a perceived employment relationship between Berlingieri and the hospital in seeking his services.
*683 “In general, a hospital may not be held vicariously liable for the malpractice of a private attending physician who is not an employee” (Toth v Bloshinsky, 39 AD3d 848, 849 [2007]; see Corletta v Fischer, 101 AD3d 929, 930 [2012]). An exception to this general rule exists where a plaintiff seeks to hold a hospital vicariously liable for the alleged malpractice of an attending physician who is not its employee where “a patient comes to the emergency room seeking treatment from the hospital and not from a particular physician of the patient’s choosing” (Orgovan v Bloom, 7 AD3d 770, 770-771 [2004]; see Mduba v Benedictine Hosp., 52 AD2d 450 [1976]). Thus, in order to establish its entitlement to judgment as a matter of law defeating a claim of vicarious liability, a hospital must demonstrate that the physician alleged to have committed the malpractice “was an independent contractor and not a hospital employee” (Alvarado v Beth Israel Med. Ctr., 78 AD3d 873, 875 [2010]), and that “the exception to the general rule did not apply” (Rizzo v Staten Is. Univ. Hosp., 29 AD3d 668, 668-669 [2006]; see Corletta v Fischer, 101 AD3d 929 [2012]). In this case, the hospital met that burden by demonstrating that Berlingieri was not a hospital employee, and that Vanessa sought treatment from a particular physician, Joanow, went to the hospital at Joanow’s direction, and was in fact treated by Joanow and a medical team that he assembled shortly after her admission (see Gardner v Brookdale Hosp. Med. Ctr., 73 AD3d 1124 [2010]; Bevelacqua v Yonkers Gen. Hosp., 10 AD3d 668 [2004]).
A plaintiff may rebut a hospital’s prima facie showing by raising a triable issue of fact as to whether the hospital can be held vicariously liable for the malpractice of an attending physician who is not under its employ pursuant to a theory of “apparent or ostensible agency” (Hill v St. Clare’s Hosp., 67 NY2d 72, 79 [1986]). To support a viable claim based upon ostensible agency, a plaintiff must set forth facts sufficient to support the conclusion that the hospital engaged in some misleading conduct upon which the plaintiff reasonably relied when the plaintiff decided to accept medical services from the hospital (see King v Mitchell, 31 AD3d 958, 959 [2006]). There is no evidence that Vanessa was misled by the hospital into believing that Berlingieri was a member of its staff, and the record does not reflect any other allegation by Vanessa that she believed there to be an employment relationship between Berlingieri and the hospital, and that she thereupon accepted his services in reliance upon such a relationship (see Dragotta v Southampton Hosp., 39 AD3d 697, 698-699 [2007]). The evidence that, contrary to Vanessa’s recollection, she had not in fact selected Berlingieri as a pediatrician and that her mother, as her patient representative, had signed a *684 consent form authorizing treatment from the hospital’s “medical staff’ was insufficient to raise a triable issue of fact with respect to this issue (see King v Mitchell, 31 AD3d at 959).
The plaintiffs’ remaining contention is not properly before this Court.
Accordingly, the Supreme Court properly granted the hospital’s motion for summary judgment dismissing the complaint insofar as asserted against it.
Mastro, J.E, Roman, Hinds-Radix and LaSalle, JJ., concur.