■ MICHAEL SPIEGEL et al., Appellants, v BETH ISRAEL MEDICAL CENTER-KINGS HIGHWAY DIVISION et al., Respondents, et al., Defendant. [53 NYS3d 166]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Jacobson, J.), dated November 10, 2014, which granted the motion of the defendants Beth Israel Medical Center-Kings Highway Division, Jonathan Weinstein, and Svetlana Fontaine for summary judgment dismissing the complaint insofar as asserted against them, and (2) so much of an order of the same court dated March 18, 2015, as, upon reargument, adhered to its original determination in the order dated November 10, 2014.

Ordered that the appeal from the order dated November 10, 2014, is dismissed, as that order was superseded by the order dated March 18, 2015, made upon reargument; and it is further,

Ordered that the order dated March 18, 2015, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The plaintiffs commenced this action against Beth Israel Medical Center-Kings Highway Division (hereinafter the hospital), Jonathan Weinstein, and Svetlana Fontaine (hereinafter collectively the Beth Israel defendants), among others, to recover damages for, inter alia, medical malpractice, alleging that they failed to timely diagnose and treat the plaintiff Michael Spiegel (hereinafter Spiegel) for cholecystitis (gall bladder inflammation). The Beth Israel defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated November 10, 2014, the Supreme Court granted the motion. Thereafter, the plaintiffs moved for leave to reargue their opposition to the motion. In an order dated March 18, 2015, the Supreme Court, upon reargument, adhered to its original determination. The plaintiffs appeal.

"The elements of a cause of action for medical malpractice include 'a deviation or departure from [the] accepted standard of care and evidence that the deviation or departure was a proximate cause of injury or damage' " (*Schussheim v Barazani*, 136 AD3d 787, 790 [2016], quoting *Arocho v D. Kruger, P.A.*, 110 AD3d 749, 750 [2013]; *see Gillespie v New York Hosp. Queens*, 96 AD3d 901 [2012]; *Hamilton v Good Samaritan Hosp. of Suffern, N.Y.*, 73 AD3d 697 [2010]). To prevail on a motion for summary judgment in a medical malpractice action, the defendant must "make a prima facie showing either that there was no departure from accepted medical practice, or that any departure was not a proximate cause of the patient's injuries" (*Matos v Khan*, 119 AD3d 909, 910 [2014]). In response, the plaintiff need only raise an issue of fact regarding "the element or elements on which the defendant has made its prima facie showing" (*Mitchell v Grace Plaza of Great Neck, Inc.*, 115 AD3d 819, 819 [2014]; *see Stukas v Streiter*, 83 AD3d 18 [2011]). "General allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat defendant physician's summary judgment motion" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]).

Here, the Beth Israel defendants demonstrated their prima facie entitlement to judgment as a matter of law by submitting evidence establishing that there was no departure from good and accepted practice by them and that, in any event, any departure was not a proximate cause of the alleged injuries (*see Matos v Khan*, 119 AD3d at 910; *Stukas v Streiter*, 83 AD3d 18 [2011]). In opposition to the Beth Israel defendants' prima

facie showing, the plaintiffs' submissions, including the affirmation of the plaintiffs' expert, failed to raise a triable issue of fact as to whether any alleged departure was the proximate cause of the alleged injuries. The plaintiffs' expert's opinion that an earlier diagnosis of gallstones would have prevented Spiegel from developing cholecystitis, or undergoing a laparoscopic cholecystectomy or removal of a gallbladder remnant, eight months later, is speculative and without basis in the record, and, therefore, it was insufficient to raise a triable issue of fact (*see Mitchell v Grace Plaza of Great Neck, Inc.*, 115 AD3d at 820; *Shister v City of New York*, 63 AD3d 1032, 1035 [2009]; *Rodriguez v Montefiore Med. Ctr.*, 28 AD3d 357 [2006]).

Accordingly, upon reargument, the Supreme Court properly adhered to its original determination granting that branch of the Beth Israel defendants' motion which was for summary judgment dismissing the medical malpractice cause of action insofar as asserted against them (*see Biggs v Mary Immaculate Hosp.*, 303 AD2d 702 [2003]).

Furthermore, upon reargument, the Supreme Court properly adhered to its original determination granting that branch of the Beth Israel defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the hospital with respect to the hospital's vicarious liability for the defendant Merab Krikhely, the surgeon who performed the laparoscopic cholecystectomy on Spiegel. "Generally, a hospital cannot be held vicariously liable for the malpractice of a private attending physician who is not its employee" (*Quezada v O'Reilly-Green*, 24 AD3d 744, 746 [2005]; *see Sampson v Contillo*, 55 AD3d 588, 589 [2008]; *Dragotta v Southampton Hosp.*, 39 AD3d 697, 698 [2007]). However, " 'an exception to the general rule exists where a patient comes to the emergency room seeking treatment from the hospital and not from a particular physician of the patient's choosing' " (*Schultz v Shreedhar*, 66 AD3d 666, 666 [2009], quoting *Salvatore v Winthrop Univ. Med. Ctr.*, 36 AD3d 887, 888 [2007]; *see Sampson v Contillo*, 55 AD3d at 589).

Here, the Beth Israel defendants established, prima facie, that Krikhely was a private attending physician who was not an employee of the hospital and who was referred to Spiegel by his private physician (*see Giambona v Hines*, 104 AD3d 807, 811 [2013]; *Corletta v Fischer*, 101 AD3d 929, 930 [2012]). Furthermore, the Beth Israel defendants made a prima facie showing that the emergency room exception was inapplicable by demonstrating that Spiegel was referred to Krikhely's care by his private physician (*see Giambona v Hines*, 104 AD3d at

811; *Schultz v Shreedhar*, 66 AD3d at 666-667; *Bevelacqua v Yonkers Gen. Hosp.*, 10 AD3d 668 [2004]). In opposition, the plaintiffs failed to rebut the prima facie showing that Krikhely was not an employee of the hospital and that the emergency room exception did not apply (*see Thurman v United Health Servs. Hosps., Inc.*, 39 AD3d 934, 937 [2007]; *Bevelacqua v Yonkers Gen. Hosp.*, 10 AD3d 668 [2004]; *Orgovan v Bloom*, 7 AD3d 770, 771 [2004]). Moreover, the plaintiffs failed to raise a triable issue of fact as to whether the hospital's staff committed independent acts of malpractice and as to whether any order given by Krikhely was so contraindicated that it should not have been followed by the hospital's staff (*see Toth v Bloshinsky*, 39 AD3d 848, 850 [2007]; *Cook v Reisner*, 295 AD2d 466, 467 [2002]). Furthermore, the plaintiffs failed to raise a triable issue of fact as to whether the hospital may be held liable under a theory of ostensible or apparent agency (*see Christopherson v Queens-Long Is. Med. Group, P.C.*, 17 AD3d 393, 394 [2005]).

With regard to the cause of action alleging lack of informed consent, the plaintiffs failed to raise a triable issue of fact in opposition to the Beth Israel defendants' prima facie showing of entitlement to judgment as a matter of law dismissing that cause of action insofar as asserted against them, as the plaintiffs did not address or specifically oppose that branch of the motion which was referable to that cause of action (*see Rebozo v Wilen*, 41 AD3d 457, 459 [2007]; *see also Raucci v Shinbrot*, 127 AD3d 839, 843 [2015]; *Bhim v Dourmashkin*, 123 AD3d 862 [2014]; *Deutsch v Chaglassian*, 71 AD3d 718, 719-720 [2010]). Accordingly, upon reargument, the Supreme Court properly adhered to its original determination granting that branch of the Beth Israel defendants' motion which was for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against them. Dillon, J.P., Balkin, Austin and Connolly, JJ., concur.