Weiszberger v KCM Therapy (2020 NY Slip Op 07425)





Weiszberger v KCM Therapy


2020 NY Slip Op 07425


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2018-06865
 (Index No. 3388/13)

[*1]Chaya Weiszberger, etc., respondent,
v
KCM Therapy, et al., appellants, et al., defendants.


Barry McTiernan & Moore LLC, New York, NY (David H. Schultz of counsel), for appellant KCM Therapy.
Law Offices of Tromello, Fishman & Veloce, New York, NY (Selma Moy of counsel), for appellant Vitaliy Gonikman.
Lewis Johs Avallone Aviles, LLP, New York, NY (Thomas A. Rhatigan of counsel), for appellant Theragym, LLC.
Koss & Schonfeld, LLP, New York, NY (Jacob J. Schindelheim of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants KCM Therapy, Vitaliy Gonikman, and Theragym, LLC, separately appeal from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated March 22, 2018. The order, insofar as appealed from by the defendant KCM Therapy, denied that branch of the motion of the defendants KCM Therapy and David Kim which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against the defendant KCM Therapy. The order, insofar as appealed from by the defendant Theragym, LLC, denied that branch of the separate motion of the defendants Yocheved Jacob and Theragym, LLC, which was for summary judgment dismissing the complaint insofar as asserted against the defendant Theragym, LLC. The order, insofar as appealed from by the defendant Vitaliy Gonikman denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Yocheved Jacob and Theragym, LLC, which was for summary judgment dismissing the complaint insofar as asserted against the defendant Theragym, LLC, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff, payable by the defendant KCM Therapy and the defendant Vitaliy Gonikman, and one bill of costs payable by the plaintiff to the defendant Theragym, LLC.
Rivka Weiszberger (hereinafter the infant daughter), the daughter of the plaintiff, Chaya Weiszberger (hereinafter the plaintiff), underwent physical therapy at a facility jointly run by the defendants KCM Therapy (hereinafter KCM) and Theragym, LLC (hereinafter Theragym). On October 25, 2012, while undergoing a physical therapy session at the facility with the defendant [*2]Vitaliy Gonikman, an independent contractor contracted by KCM, the infant daughter fell off a scooter sustaining personal injuries.
Thereafter, the plaintiff commenced this action on behalf of the infant daughter and derivatively on her own behalf against KCM, David Kim, Theragym, Yokeved Jacob, and Gonikman, alleging, inter alia, that the infant daughter's injuries were caused by the defendants' negligent supervision. Following discovery, KCM and Kim moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them; Theragym and Jacob separately moved for summary judgment dismissing the complaint insofar as asserted against them; and Gonikman cross-moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court denied KCM's and Theragym's separate motions and Gonikman's cross motion, and the defendants KCM, Theragym, and Gonikman separately appeal.
Though a medical facility can be held liable for the negligence or malpractice of its employees, it is not generally held liable when the treatment is provided by an independent contractor, even if the facility affiliates itself with that independent contractor (see Hill v St. Clare's Hosp., 67 NY2d 72, 79). However, the facility may be held vicariously liable under a theory of apparent or ostensible agency by estoppel (see id. at 79; Dragotta v Southampton Hosp., 39 AD3d 697, 698). "In order to create such apparent agency, there must be words or conduct of the principal, communicated to a third party, which give rise to the appearance and belief that the agent possesses the authority to act on behalf of the principal" (Dragotta v Southampton Hosp., 39 AD3d at 698). "The third party must reasonably rely on the appearance of authority, based on some misleading words or conduct by the principal, not the agent" (id.). "Moreover, the third party must accept the services of the agent in reliance upon the perceived relationship between the agent and the principal, and not in reliance on the agent's skill" (id.).
The two elements required to demonstrate a claim of apparent or ostensible agency are the "holding out" element and the "reliance element" (see id. at 698-699). "To establish the 'holding out' element, the misleading words or conduct must be attributable to the principal" (id. at 699). "To establish the 'reliance' element, the third party must accept the agent's services and submit to the agent's care in reliance on the belief that the agent was an employee of the principal" (id.).
Here, KCM established its prima facie entitlement to judgment as a matter of law by the submission of Gonikman's deposition testimony, which indicated that he was an independent contractor and not an employee of KCM (see Sampson v Contillo, 55 AD3d 588, 590-591). However, in opposition, the plaintiff raised a triable issue of fact as to whether KCM may be vicariously liable for Gonikman's alleged malpractice and negligence under a theory of apparent or ostensible agency (see id. at 591; Dragotta v Southampton Hosp., 39 AD3d at 699). Specifically, the evidence submitted in opposition demonstrated, inter alia, that KCM's conduct of assigning patients to independent contractors when parents call KCM to arrange physical therapy gave rise to the appearance that the independent contractor possessed the authority to act on behalf of KCM. Accordingly, we agree with the Supreme Court's denial of that branch of the motion of the defendants KCM and Kim which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against KCM.
With regard to the motion of Jacob and Theragym, Theragym established its prima facie entitlement to judgment as a matter of law by the submission of Gonikman's deposition testimony, which indicated that he was an independent contractor and not an employee of Theragym (see Sampson v Contillo, 55 AD3d at 590-591). In addition, the evidence established, prima facie, inter alia, that the plaintiff was unaware of Theragym as a company, and thus, the plaintiff cannot establish that it relied on the relationship between Theragym and Gonikman when it contracted with Gonikman for physical therapy (see Dragotta v Southampton Hosp., 39 AD3d at 699). In opposition, the plaintiff failed to raise a triable issue of fact as to whether Theragym may be vicariously liable for Gonikman's alleged malpractice and negligence under a theory of apparent or ostensible agency (see Spiegel v Beth Israel Med. Ctr.-Kings Hwy. Div., 149 AD3d 1127, 1130). Accordingly, we disagree with the Supreme Court's denial of that branch of the motion of Jacob and Theragym which was for summary judgment dismissing the complaint insofar as asserted against Theragym.
When a plaintiff challenges a physical therapist's assessment of the plaintiff's supervisory needs during a physical therapy session, the conduct at issue derives from the duty owed to the plaintiff as a result of the physical therapist-patient relationship and is substantially related to her medical treatment (see Cohen v Lebgutt Realty, LLC, 158 AD3d 740, 741). Since the duty derives from the physical therapist-patient relationship and is substantially related to her medical treatment, an allegation of negligent supervision sounds in medical malpractice, not ordinary negligence (see id. at 741). In order to meet their prima facie burden on their summary judgment motion, a physical therapist-defendant must submit an expert's affidavit that establishes that he or she did not depart from the accepted standard of care for physical therapy (see id.; Barlev v Bethpage Physical Therapy Assoc., P.C., 122 AD3d 784, 784).
Here, since the conduct at issue in the complaint stems from Gonikman's generalized treatment plan and alleged negligent supervision of the infant daughter during her physical therapy session, the allegation sounds in medical malpractice, not ordinary negligence, because Gonikman's duty towards the infant daughter derived from the physical therapist-patient relationship (see Cohen v Lebgutt Realty, LLC, 158 AD3d at 741). In support of his cross motion, Gonikman merely submitted a conclusory statement that his therapy plan of activities was consistent with the accepted standard of care, and he failed to submit an expert's affidavit to establish that he did not deviate from the accepted standard of care for physical therapy (see id.; Barlev v Bethpage Physical Therapy Assoc., P.C., 122 AD3d at 784). Given that Gonikman failed to establish his prima facie entitlement to judgment as a matter of law by the submission of an expert's affidavit, his cross motion should have been denied regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, we agree with the Supreme Court's denial of Gonikman's cross motion for summary judgment dismissing the complaint insofar as asserted against him.
The defendants' remaining contentions are without merit.
MASTRO, J.P., ROMAN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court