Malefakis v Jazrawi (2022 NY Slip Op 05685)

Malefakis v Jazrawi

2022 NY Slip Op 05685

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2019-12410
 (Index No. 521688/16)

[*1]Jason Malefakis, appellant,
v
Laith Jazrawi, etc., et al., respondents.

Susan Berkwitt-Malefakis (David E. Mollon, New York, NY, of counsel), for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, New York, NY (Daniel S. Ratner and Daniel Lei of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated August 7, 2019. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing so much of the first cause of action as alleged medical malpractice resulting in an injury to the plaintiff's eye and dismissing the complaint insofar as asserted against the defendant NYU Hospitals Center.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On May 22, 2015, the defendant Laith Jazrawi performed arthroscopic surgery to repair a torn meniscus in the plaintiff's knee. Almost immediately after the surgery, the plaintiff suffered from pain and redness in his left eye. He was later diagnosed with a corneal abrasion.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice, alleging, among other things, that Jazrawi negligently performed the knee surgery, the defendants failed to take proper precautions to prevent his eye injury, and the defendant NYU Hospitals Center (hereinafter NYUHC) was vicariously liable for Jazrawi's medical malpractice. The defendants moved for summary judgment dismissing the complaint. In an order dated August 7, 2019, the Supreme Court, inter alia, granted those branches of the defendants' motion which were for summary judgment dismissing so much of the first cause of action as alleged medical malpractice resulting in an injury to the plaintiff's eye and dismissing the complaint insofar as asserted against NYUHC. The plaintiff appeals.
The plaintiff correctly concedes that the defendants established their prima facie entitlement to judgment as a matter of law dismissing so much of the first cause of action as alleged medical malpractice resulting in an injury to the plaintiff's eye. The plaintiff failed to raise a triable issue of fact in opposition, as he did not submit an expert affidavit (see Mendoza v Maimonides Med. Ctr., 203 AD3d 715, 717; Cohen v Lebgutt Realty, LLC, 158 AD3d 740, 741; Lewis-Burnett v West Side Radiology Assoc., 106 AD3d 637, 638). The plaintiff failed to raise res ipsa loquitur as a theory of liability in his opposition papers, and thus, his present argument based upon that theory is not properly before this Court (see Calero v Statewide Stor. Sys., Inc., 187 AD3d 978, 979; Farmer v [*2]Central El., 255 AD2d 289, 290). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing so much of the first cause of action as alleged medical malpractice resulting in an injury to the plaintiff's eye.
As to NYUHC's vicarious liability for Jazrawi's alleged medical malpractice resulting in injuries to the plaintiff's knee, a hospital may be held liable for the acts of an independent, private attending physician under a theory of apparent or ostensible agency by estoppel (see Dragotta v Southampton Hosp., 39 AD3d 697, 698). "'In order to create such apparent agency, there must be words or conduct of the principal, communicated to a third party, which give rise to the appearance and belief that the agent possesses the authority to act on behalf of the principal. The third party must reasonably rely on the appearance of authority, based on some misleading words or conduct by the principal, not the agent. Moreover, the third party must accept the services of the agent in reliance upon the perceived relationship between the agent and the principal, and not in reliance on the agent's skill'" (Keesler v Small, 140 AD3d 1021, 1022, quoting Dragotta v Southampton Hosp., 39 AD3d at 698; see Sampson v Contillo, 55 AD3d 588, 590).
Here, in opposition to the defendants' prima facie showing that NYUHC could not be held vicariously liable for Jazrawi's alleged medical malpractice, the plaintiff failed to raise a triable issue of fact as to whether NYUHC could be held vicariously liable under a theory of apparent or ostensible agency (see Sampson v Contillo, 55 AD3d at 591; Dragotta v Southampton Hosp., 39 AD3d at 698-700). The evidence established that Jazrawi was not employed by NYUHC and that the plaintiff relied on a referral from a private orthopedist when choosing Jazrawi as his surgeon (see O'Regan v Lundie, 299 AD2d 531, 531-532). There is also no evidence in the record of words or conduct by NYUHC that would give rise to the appearance and belief that Jazrawi possessed the authority to act on behalf of NYUHC at the time of the surgery (see Morgold, Inc. v ACA Galleries, Inc., 283 AD2d 407, 408). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against NYUHC.
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court