Krivulya v Bay Parkway Physicians, P.C. (2024 NY Slip Op 02694)

Krivulya v Bay Parkway Physicians, P.C.

2024 NY Slip Op 02694

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-03173
 (Index No. 525103/18)

[*1]Yana Krivulya, appellant, 
v
Bay Parkway Physicians, P.C., et al., respondents, et al., defendant.

Gary A. Lichtman and Anna Berezovski, New York, NY, for appellant.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla, NY (Leilani J. Rodriguez of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated March 17, 2022. The order, insofar as appealed from, granted the motion of the defendants Bay Parkway Physicians, P.C., and Michael Patin for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2018, the defendant Inna Gordon, a registered nurse, performed a cosmetic procedure on the plaintiff's chin at Gordon's private home. The plaintiff subsequently developed cellulitis on her chin where the procedure was performed, which led to scarring. Thereafter, the plaintiff commenced this medical malpractice action against the defendants Bay Parkway Physicians, P.C., and Michael Patin (hereinafter together the defendants) and Gordon, alleging, inter alia, that the defendants were vicariously liable for Gordon's alleged negligence as her employer. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated March 17, 2022, the Supreme Court, among other things, granted the defendants' motion. The plaintiff appeals.
The defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by submitting evidence that Gordon was an independent contractor and that the plaintiff chose Gordon to perform the procedure at Gordon's private home without knowing of any connection between Gordon and the defendants (see Malefakis v Jazrawi, 209 AD3d 727, 728; Valerio v Liberty Behavioral Mgt. Corp., 188 AD3d 948, 949; see also Begley v City of New York, 111 AD3d 5, 20). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants may be held vicariously liable for Gordon's alleged negligence (see Ravo v Rogatnick, 70 NY2d 305, 309-310; Valerio v Liberty Behavioral Mgt. Corp., 188 AD3d at 949).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
BARROS, J.P., CHRISTOPHER, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court