| **Earl v City of New York** |
|:---:|
| 2024 NY Slip Op 33749(U) |
| October 22, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154652/2019 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. HASA A. KINGO**

*Justice*

PART   05M

--------------------------------------------------------------------X

NEFERTITI EARL, NEFERTITI EARL,

Plaintiff,

- v -

THE CITY OF NEW YORK, LITTLE TREASURES-PETITS TRESORS, SLP, PLLC,AISHA BROWNLEE

Defendant.

--------------------------------------------------------------------X

INDEX NO.   154652/2019

MOTION DATE   06/07/2024, 06/10/2024, 06/10/2024

MOTION SEQ. NO.   004 005 006

### DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 004) 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 167, 170, 171, 174, 175, 176, 185

were read on this motion for                    SUMMARY JUDGMENT                    .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 168, 172, 177, 178, 179, 189, 190

were read on this motion for                    SUMMARY JUDGMENT                    .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 169, 173, 180, 181, 182, 183, 184, 186, 187, 188

were read on this motion for                    SUMMARY JUDGMENT                    .

Before the court are three motions for summary judgment brought by Defendants. First, Defendant the City of New York (hereinafter "the City") moves to dismiss the Plaintiff's complaint pursuant to CPLR §3211(a)(7), arguing that Plaintiff failed to plead that the City owed a special duty. Alternatively, the City seeks summary judgment under CPLR §3212, asserting that no special duty was owed and that it was not the proximate cause of Q.D.'s death. Separately, Defendant Aisha Brownlee ("Brownlee") moves for summary judgment pursuant to CPLR §3212, contending that there is no evidence she was the proximate cause of Q.D.'s death, and that Q.D.'s death resulted from his underlying medical conditions rather than any act or omission on her part. Finally, Little Treasures-Petits Tresors ("Little Treasures") also seeks summary judgment under CPLR §3212, claiming that it cannot be held liable for Brownlee's actions as she was not its employee, and there is no evidence supporting claims of negligent hiring or supervision.

**154652/2019   EARL, NEFERTITI vs. CITY OF NEW YORK**
**Motion No.  004 005 006**

Page 1 of 6

1 of 6

[* 1]

## BACKGROUND

This action arises out of the tragic death of infant Q.D., who passed away on March 20, 2018, due to complications from a viral infection while receiving early intervention ("EI") services. Plaintiff Nefertiti Earl, as administratrix of Q.D.'s estate and individually, alleges negligence, wrongful death, and negligent hiring/supervision against Defendants.

Q.D. was born prematurely on August 6, 2015, and spent several months undergoing intensive medical treatment due to his multiple health issues, including necrotizing enterocolitis ("NEC"), an intestinal disease that affects premature or very low birth weight infants. Due to developmental delays, Q.D. was referred to EI services. Little Treasures was responsible for coordinating these services, and Brownlee, a licensed social worker, was assigned to provide special instruction to Q.D. in 2017.

In the days leading up to Q.D.'s death, Brownlee allegedly provided therapy sessions while ill, which Plaintiff asserts led to Q.D. contracting a fatal respiratory virus. The parties dispute Brownlee's condition during her last session with Q.D. on March 2, 2018, and whether her illness caused his subsequent infection and death.

## ARGUMENTS

### City's Motion

The City seeks dismissal of the Plaintiff's complaint under CPLR §3211(a)(7), or alternatively, summary judgment under CPLR §3212, arguing that it owed no special duty to Plaintiff. The City claims that its role in assigning EI cases through the Department of Health and Mental Hygiene ("DOHMH") is a governmental function, and liability can only arise if a special duty is established, which the City contends Plaintiff has failed to plead. The City asserts that no specific promises or assurances were made by EI staff, and Plaintiff did not have direct contact with the City regarding Q.D.'s services, thereby negating any reliance or special duty. Additionally, the City contends that it was not the proximate cause of Q.D.'s death, as no evidence shows that the City or its employees exposed Q.D. to the virus that caused his death, noting that Brownlee was an independent contractor hired by Little Treasures.

In opposition, Plaintiff argues that the City's involvement in providing EI services is a proprietary, not governmental, function, rendering the special duty rule inapplicable. Plaintiff further contends that even if a special duty were required, she has sufficiently pled such a duty. She asserts that whether the special duty rule applies is a factual issue that precludes summary judgment.

### Brownlee's Motion

Brownlee moves for summary judgment, arguing that she was not the proximate cause of Q.D.'s illness and death. She asserts that Q.D. was already ill before her involvement, there is no evidence she was sick on March 2, 2018, and Q.D.'s death resulted from his severe, life-threatening medical conditions, compounded by a delay in seeking medical care. Brownlee supports her

**154652/2019   EARL, NEFERTITI vs. CITY OF NEW YORK**
**Motion No.  004 005 006**

**Page 2 of 6**

2 of 6

motion with an expert affirmation from Dr. Hewlett, who concludes that Brownlee was not negligent and that her occupational therapy services did not cause Q.D.'s injuries.

In opposition, Plaintiff argues that Dr. Hewlett's affirmation is conclusory and insufficient to warrant summary judgment. Plaintiff also raises a factual dispute, asserting that Brownlee may not have worn a mask during her sessions with Q.D., as Plaintiff testified that Q.D. pulled off Brownlee's mask on March 2, 2018.

### Little Treasures' Motion

Little Treasures moves for summary judgment, arguing that it cannot be held liable for Brownlee's actions because she was not its employee, and therefore, any potential negligence on her part cannot be attributed to Little Treasures. Additionally, Little Treasures contends it cannot be liable for negligent hiring or retention, as it had no prior notice of any issues with Brownlee. The company submits an expert affidavit from Janet Peppard, a Pediatric Nurse Practitioner, who opines that Little Treasures adhered to the appropriate standard of care. Peppard states that the service coordinators maintained regular communication with Q.D.'s family and medical team, and that Little Treasures followed proper procedures, including session cancellations when Brownlee was ill and the use of protective measures such as masks and handwashing during sessions. Little Treasures also argues there is no evidence linking Brownlee's illness to Q.D.'s viral infection or death.

In opposition, Plaintiff argues that Little Treasures has not met its burden of proof, asserting that Peppard's affidavit is insufficient and that she lacks relevant experience in EI services. Additionally, Plaintiff contends that there is a factual dispute regarding Brownlee's employment status, citing *Weiszberger v. KCM Therapy* (189 AD3d 1121 [2d Dept 2020]), which held that a defendant could be vicariously liable under the doctrine of apparent agency. Plaintiff suggests that it is unclear whether Brownlee was perceived as an employee of Little Treasures, but fails to provide specific evidence supporting this argument.

## DISCUSSION

A motion to dismiss under CPLR §3211(a)(7) tests the legal sufficiency of a complaint. When considering such a motion, the court must determine whether the facts, as alleged, fit within any cognizable legal theory. The court must afford the plaintiff the benefit of every favorable inference and determine only whether the facts, as alleged, manifest any cause of action (*Leon v. Martinez*, 84 NY2d 83, 87-88 [1994]).

When a municipality, such as the City, is involved, a plaintiff must ordinarily establish the existence of a "special duty" in order to hold the City liable in negligence. A special duty arises when a municipality has taken on an obligation beyond what is owed to the public at large, such as through direct contact or specific assurances made to the plaintiff (*Ferreira v. City of Binghamton*, 38 NY3d 298 [2022]; *Applewhite v. Accuhealth, Inc.*, 21 NY3d 420 [2013]). A plaintiff's failure to plead facts sufficient to establish such a duty is grounds for dismissal under CPLR §3211(a)(7).

154652/2019   EARL, NEFERTITI vs. CITY OF NEW YORK
Motion No. 004 005 006

Page 3 of 6

3 of 6

In *Cuffy v. City of New York* (69 NY2d 255, 260 [1987]), the Court of Appeals established the four-pronged test for determining whether a special duty exists: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the injured party; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) the party's justifiable reliance on the municipality's affirmative undertaking.

Separately, summary judgment is appropriate under CPLR §3212 when the movant makes a prima facie showing that there are no material issues of fact, and the moving party is entitled to judgment as a matter of law (*Alvarez v. Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The burden then shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact (*Zuckerman v. City of New York*, 49 NY2d 557, 562 [1980]). Mere conclusions, expressions of hope, or unsubstantiated allegations are insufficient to defeat a motion for summary judgment (*Alvord & Swift v. Muller Constr. Co.*, 46 NY2d 276, 281-82 [1978]).

## I.     City of New York's Motion to Dismiss and for Summary Judgment (Seq. 004)

Here, the City first argues that its involvement in the EI program falls squarely within its governmental function, which shields it from liability unless a special duty is established. Relying on *Ferreira v. City of Binghamton*, 38 NY3d 298 (2022), the City asserts that it did not owe a special duty to Plaintiff. The City further argues that even if a special duty were established, it was not the proximate cause of Q.D.'s death, as it played no role in the administration of services, and Brownlee was employed by Little Treasures, not the City.

In evaluating the City's motion under CPLR §3211(a)(7), the court must determine whether Plaintiff has adequately pled the existence of a special duty. Plaintiff's complaint does not allege specific promises or assurances made by City employees that would have created a duty owed to Q.D. or his family. There is no evidence of direct contact between the City and Plaintiff that would have induced justifiable reliance on any City actions. Without such allegations, the Plaintiff has not established the existence of a special duty as required under *Cuffy* and its progeny.

However, the City's alternative argument that it was performing a governmental function raises factual questions that cannot be resolved on a motion to dismiss. Whether the City's role in coordinating EI services constitutes a governmental or proprietary function involves a fact-specific inquiry into the nature of its responsibilities, including the extent of its oversight and involvement in Q.D.'s care. Plaintiff has raised sufficient questions about the City's role to survive dismissal at this stage.

Thus, while the Plaintiff has not pled facts sufficient to establish a special duty, the City's argument regarding its governmental function cannot be resolved as a matter of law, and the motion to dismiss under CPLR §3211(a)(7) is denied.

Next, the court finds that the City has not made a prima facie showing that it is entitled to summary judgment. While the City argues that it was engaged in a governmental function, there are unresolved factual questions regarding the extent of its involvement in the assignment and supervision of EI providers. The City does not provide sufficient evidence to conclusively

**154652/2019   EARL, NEFERTITI vs. CITY OF NEW YORK**                                                      **Page 4 of 6**
**Motion No.  004 005 006**

4 of 6

[* 4]

demonstrate that its role was purely governmental or that no special duty could have arisen from its actions. The City's reliance on *Ferreira* is insufficient to resolve these issues, as it fails to address the proprietary aspects of EI services, which traditionally involve private entities.

Even assuming, arguendo, that the City had met its prima facie burden, there are significant factual disputes regarding whether the City's involvement in coordinating Q.D.'s care gave rise to a special duty. Plaintiff has presented evidence suggesting that she relied on the City's coordination of services, raising a question as to whether the City voluntarily assumed a duty beyond what was owed to the public generally. The issue of whether the City's role in assigning and overseeing providers was governmental or proprietary is also unresolved. Therefore, the City's motion for summary judgment is likewise denied.

## II. Aisha Brownlee's Motion for Summary Judgment (Seq. 005)

Brownlee asserts that she was not the proximate cause of Q.D.'s death, relying on the expert opinion of Dr. Hewlett, who states that Q.D.'s severe medical condition, including his bowel transplant, was the primary cause of his death. Brownlee argues that there is no evidence she was ill during her session on March 2, 2018, or that she transmitted the virus that led to Q.D.'s death. Brownlee highlights that her symptoms did not appear until after her last session with Q.D. on March 2, 2018.

The court acknowledges that Brownlee has arguably made a prima facie showing, supported by Dr. Hewlett's submission and the accompanying facts and evidence that bolster her position. However, that same evidence—including deposition testimony and Brownlee's own admissions—raises factual questions concerning her health at the time of her final session with Q.D. Brownlee contends that it is indisputable Q.D. was already ill before she began exhibiting symptoms, thereby reinforcing her argument that she could not have knowingly been the source of the transmission, which would absolve her of any negligence claims. However, this account is contested, and Plaintiff directly challenges Brownlee's self-serving timeline regarding the onset of viral infections in both Q.D. and Brownlee. Similarly, Plaintiff adeptly disputes Brownlee's assertion that she did not have human metapneumovirus, noting that the absence of a test for the virus is not definitive proof that she was not infected. This is akin to not testing for any specific illness—such as the flu—which does not rule out the possibility of having it. Moreover, Plaintiff effectively highlights undisputed evidence showing that Brownlee's symptoms aligned with those commonly associated with human metapneumovirus.

There is conflicting testimony about whether Brownlee exhibited symptoms of illness on March 2, 2018, and whether she took appropriate precautions, such as wearing a mask, during her sessions with the immunocompromised child. The expert opinion of Dr. Hewlett, while relevant, does not resolve these factual disputes and is insufficient to demonstrate an absence of proximate cause as a matter of law. Whether Brownlee was ill during her sessions with Q.D., whether she negligently transmitted the virus, and whether the delay in seeking medical treatment contributed to Q.D.'s death are all issues that must be resolved by a jury. Indeed, proximate cause is typically a question for the fact-finder (*Derdiarian v. Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]), and the evidence here presents sufficient triable issues to deny Brownlee's motion for summary judgment.

154652/2019   EARL, NEFERTITI vs. CITY OF NEW YORK                    Page 5 of 6
Motion No.  004 005 006

5 of 6

### III.     Little Treasures' Motion for Summary Judgment (Seq. 006)

Little Treasures argues that it cannot be held liable for Brownlee's actions because she was an independent contractor employed by a subcontractor, Caring Hands Therapy Services ("Caring Hands"). Little Treasures also contends that there is no evidence of negligent hiring or supervision, as Brownlee had no prior history of issues, and Little Treasures had no reason to believe that she was unfit to provide services.

The court finds that Little Treasures has failed to make a prima facie showing that it is entitled to summary judgment based on its submissions. Notwithstanding, the evidence presented raises questions about the nature of the relationship between Little Treasures, Caring Hands, and Brownlee. Specifically, Plaintiff has provided evidence suggesting that Little Treasures held itself out as responsible for coordinating Q.D.'s care, raising the issue of apparent agency. In *Weiszberger v. KCM Therapy*, 189 AD3d 1121 (2d Dept 2020), the court held that a defendant could be held liable under the doctrine of apparent agency if it created the impression that an independent contractor had authority to act on its behalf. Here, Plaintiff has raised a factual question as to whether Little Treasures created such an impression.

To be sure, even if Little Treasures had met its prima facie burden, factual disputes remain regarding its potential liability under the doctrine of apparent agency and whether it adequately supervised Brownlee. These issues, coupled with questions about the communication between Little Treasures and Plaintiff concerning Q.D.'s care, must be resolved by a fact-finder. Therefore, Little Treasures' motion for summary judgment is denied.

For the reasons set forth above, the Defendants' motions for summary judgment are denied. Genuine issues of material fact exist as to the extent of each Defendant's duty, the cause of Q.D.'s death, and the relationships between the parties, which must be resolved at trial. Accordingly, it is hereby:

ORDERED that the motions for summary judgment by the City of New York (Seq. 004), Aisha Brownlee (Seq. 005), and Little Treasures-Petits Tresors (Seq. 006), are denied; and it is further

ORDERED that the parties are directed to appear for a settlement conference in Part 5 of the courthouse located at 80 Centre Street, Room 320, New York, NY on Tuesday November 26, 2024 at 2:15 PM.

This constitutes the decision and order of the court.

| __10/22/2024__ | | | | |
|---|---|---|---|---|
| **DATE** | | | HASA A. KINGO, J.S.C. | |
| **CHECK ONE:** | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER | |
| **APPLICATION:** | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

**154652/2019   EARL, NEFERTITI vs. CITY OF NEW YORK**
**Motion No.  004 005 006**

Page 6 of 6

[* 6]